SHAW
v.
RENEAU.

The State *v.* James W. Pratt.

The charge of " inflicting a wound less than mayhem," is not *necessarily* included in a charge of shooting with a dangerous weapon, with intent to kill and murder.

In an indictment upon a statute, it is necessary that the defendant should be brought within all the material words of the statute, and nothing can be taken by intendment.

The offence should be charged either in the language of the statute, or in language of equivalent import; and a verdict not responsive to the charge, will not authorize a judgment.

A PPEAL from the District Court of the Parish of East Baton Rouge, *Robertson*, J. *I. E. Morse*, Attorney General, for the State. *T. G. Davidson* also appeared for the prosecution. *J. M. & J. E. Elam*, for the accused and appellant.

STATE
*v.*
PRATT.

SPOFFORD, J. The defendant was indicted for assaulting and shooting *Barnett Williams*, with a dangerous weapon, with intent to kill and murder him.

In a second count, he was charged with a like assault, with intent to commit the crime of murder.

The Judge instructed the jury that, under this indictment, "if they believed the prisoner did, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem, they must find a verdict accordingly, because the charge of shooting with a dangerous weapon with intent to commit the crime of murder, includes the lesser offence of inflicting a wound less than mayhem, with a dangerous weapon, or with intent to kill."

The jury found the following special verdict: "We, the jury, find the accused guilty of an assault on the person of *Barnett Williams*, with a dangerous weapon, and inflicting a wound less than mayhem, and we further recommend him to the mercy of the court."

The prisoner, who had taken a bill of exceptions to the charge of the court, after vainly seeking to arrest the judgment, was sentenced to six months imprisonment in the parish jail, and to pay a fine of $250, and costs.

From this sentence, he has appealed.

The District Judge thought the verdict was justified under the authority of the case of *The State* v. *Stouderman*, 6 An. 286. In that case it was held, that under an indictment for an assault, with intent to commit murder, the prisoner may properly be convicted of an assault with intent to kill.

The decision was correct, because the intent to kill is of necessity included in the intent to commit murder, and the case was put distinctly upon that ground.

But the charge of "inflicting a wound less than mayhem," is not necessarily included in a charge of shooting with a dangerous weapon, with the intent to kill and murder.

In an indictment upon a statute, it is necessary that the defendant should be brought within all the material words of the statute; and nothing can be taken by intendment. Wharton's Crim. Law, 133. 1 Chit. Crim. Law, 283.

The offence should be charged either in the language of the statute, or in language of equivalent import; and a special verdict not responsive to the charge, will not authorize a judgment.

Here, the jury have found a verdict for a statutory offence not charged in the bill of indictment, by averments comporting with the terms of the statute, nor necessarily embraced in the offence as charged.

It is therefore ordered, that the sentence be set aside, judgment arrested, and the prisoner discharged.