## STATE v. JAMES REONNALS.

Where a gun was taken by the accused in another State, its sale in this State might be proof, not of a larceny here, but that the original taking was felonious. Its sale here would not be in violation of any law of this State ; and a party cannot be tried here for a crime committed in another State.

On an indictment for embezzlement, the jury cannot find the accused guilty of a breach of trust.

Where the jury have written their verdict upon the indictment, but it is recorded differently, the verdict as written by them shows what was their meaning and intention.

APPEAL from the District Court of the Parish of East Feliciana, *Haralson*, J., presiding. *N. F. Kernan*, for the State. *D. B. Sandford*, for defendant.

COLE, J. The accused having been found guilty of breach of trust, was sen-

tenced to imprisonment at hard labor in the penitentiary for one year, and has appealed.

In relation to the bill of exceptions, motion for arrest of judgment and other defences it is sufficient for our present decision to say, that if the gun were taken by appellant in the State of Mississippi, the sale of it in Louisiana might be proof, not that he committed larceny in the latter State, but that the object of his taking it in the former was to steal it.

The mere sale of the gun in Louisiana would not be in violation of any law of this State.

If any crime against the rights of property were committed, it must be supposed to have been perfected in Mississippi; it cannot be conceded that the gun was taken without the permission of the owner in Mississippi, and that the intention to steal it was only conceived and perfected when it was sold in Louisiana.

If the gun had been loaned to the accused in Mississippi and he had returned it, and afterwards took it in presence of the owner, without his consent, but without any objection on his part, defendant would then have apparently committed a trespass and not larceny.

The subsequent sale of the gun in Louisiana would, however, tend to show that the intention in taking it was to steal it, and, in absence of other proof, it would be more proper to suppose that the intention to steal was perfected at the time the gun was taken, than after the accused had passed into another State. It is to be supposed that when he left the borders of Mississippi with the gun, that the intention of stealing it had been already formed and perfected. If so, the accused cannot be tried in this State for a crime committed in Mississippi.

The indictment charges him with having embezzled a gun, and the jury found him guilty of a breach of trust. The verdict is not responsive to the charge.

It is true that the verdict was recorded differently, being as follows:

" We, the jury, find the accused guilty in manner and form, as he stands charged in the indictment," but the indorsement upon the indictment is as follows: " We, the jury, find the accused guilty of breach of trust, and recommend him to the mercy of the court."

This shows what was the intention of the jury, and the verdict ought not, under such circumstances, to be sustained. This case is not covered by section 83 of the Act relative to criminal proceedings. Phillips' Dig. p. 175.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside and the judgment of the court thereupon be avoided and reversed, and that a new trial be granted to appellant, and that this case be remanded for further proceedings according to law.

VOORHIES. J., absent.