State vs Blackman.

## No. 8641.

### THE STATE OF LOUISIANA VS. HORACE G. BLACKMAN.

The minutes of court do not contain properly the recital of service of the list of jurors on the prisoner, and therefore an objection, not that there was no service, but that the minutes do not shew it, is untenable. The sheriff's return is the place where such service is shewn.

All persons present aiding and abetting in the commission of a felony are principals, and must be indicted as such. Any testimony therefore to shew guilt of the prisoner, whether that guilt consisted in shooting, or in being present aiding and abetting the shooting, is admissible.

A mistrial and consequent discharge of the jury is not a bar to a second trial on the same indictment. The prisoner was not legally put in jeopardy on the first trial. The discharge of the jury on the first trial was within the sound discretion of the court.

APPEAL from the Eighth District Court, Parish of East Carroll. Delony, J.

J. C. Egan, Attorney General, for the State, Appellee:

1. In felonies, those who are present, aiding, abetting and assisting in their commission, are principals, and liable to punishment as such. 34 An. 525.

2. The discharge of the jury on failing to agree rests largely in the discretion of the Court. 7 An. 520.

Chas. M. Pilcher for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was indicted for shooting one Beaman with a shotgun with intent to murder, was convicted and sentenced to five years hard labor.

He assigns as error, failure of the minutes of court to shew the presence of the Judge at the opening of court, and to shew that the defendant was served with the list of jurors.

The minutes shew the presence of the Judge, and are not expected to shew that the defendant was or was not served with the list of jurors. That would be shewn from the service itself if it was made. If it was not made, it would appear from the defendant's objection to go to trial until it was done, and if he went to trial without objection to the want of service, it would be too late to object for the first time in this Court. His objection, however, is not that there was no service, but that the minutes do not shew it. The minutes of court do not contain recitals of the services made by its executive officer.

There are three bills reserved to the admission of testimony of as many witnesses to shew that the prisoner was present aiding and abetting the shooting. All who are present aiding or abetting in the commission of a felony are principals, that is, are considered in legal contemplation as doing the deed. State vs. White, 7 Ann. 531; State vs. Ellis, 12 Ann. 390. Therefore, if a statute makes the doing of a

thing criminal, it includes persons present lending their countenance and aid. . Bishop's Stat. Crimes, § 135. A person present aiding or abetting, cannot be indicted as an accessory, but must be charged as principal. State vs. Desmond, 5 Ann. 398. The indictment of the defendant was as principal. Any testimony, therefore, was admissible to shew the guilt of the accused, whether that guilt consisted in the shooting,. or in being present aiding and abetting.

: There were two trials, and on the first there was a motion to set aside the panel. The defendant calls our attention to this motion, but obviously it has nothing to do with the present appeal. None of the incidents of the first trial are before us. There was also an application previous to that trial for a change of venue which was refused, but for the same reason we do not consider it. It was not renewed at the second trial.

The jury failed to agree on the first trial and were discharged. The prisoner pleads that trial as a bar to the second. The plea of once in jeopardy is not sustained by a former mistrial, the settled doctrine being that the prisoner can avail himself of that plea only under such circum-. stances as would enable him to sustain the plea of *autrefois acquit* or *convict.* State vs. Brown, 9 Rob. 566 ; State vs. Hornsby, Ibid, 583 ; State vs. Ritchie, 3 Ann. 715.

But the prisoner alleges that the discharge of the jury was unnecessary and arbitrary, because they had been out only half an hour. The statement in the record is that the jury, after an absence of two or three hours, failed to agree, and were discharged.

. There has been prolonged controversy, and there is yet diversity of ruling upon the effect of a discharge of the jury by direction of the Judge sitting at a criminal assise, and the courts are ranged in two classes : 1, where the discharge is held a bar to all subsequent proceedings, unless it was because of some violent necessity, such as the death of a juror, or his insanity or illness, and the like; 2, where it is held that the discharge is a matter of. sound discretion of the court, and when exercised, that it presents no impediment to a second trial. I Whart. Crim. Law, §§ 574, 575, 580–6. .

: This Court has consistently followed the latter ruling, which is that of the Supreme Court of the United States. U. S. vs. Perez, Wheaton, 579.

It is impossible to define what is a sound discretion. It varies with and depends upon the circumstances of each particular case. Certainly the power to discharge ought not to be lightly used. But the right exists, and the chief security for its faithful and conscientious exercise is the judicial character, and the responsibilities of the judicial office. .

We are not prepared to say it was not properly exercised in the present instance. The haste is not at all commendable, and should not invite repetition. By some courts a discharge far more necessary than this would be held a release of the prisoner as complete as an acquittal. 1 Whart. Crim. Law, §§ 576–8. Although this ruling has never been followed in this State, and our jurisprudence was early settled in the contrary way, it does not follow that the inferior courts should not use the power to discharge with the greatest caution and circumspection.

Judgment affirmed.

Rehearing refused.