State vs. Murdoch.

## No. 8774.

### THE STATE OF LOUISIANA VS. ADOLPHE R. MURDOCH.

Under an indictment for shooting with intent to murder, a verdict of "inflicting with a dangerous weapon a wound less than mayhem," is fatally variant.

The two offenses are separate and distinct crimes which could not be joined in the same count of an indictment.

The offense found is not necessarily embraced within that charged.

A PPEAL from the Criminal District Court for the Parish of Orleans. *Roman, J.*

---

*J. C. Egan,* Attorney General, for the State, Appellee:

A record in a criminal case, which comes up without bills of exceptions or motion in arrest, presents nothing for this Court to consider, and the judgment appealed from will be affirmed.

The "Criminal District Court for the parish of Orleans" is the only name by which said Court is known, or may be designated. Constitution of 1879, Art. 130.

The time and place as regards the "intent" in the crime of "shooting with intent to commit murder," are sufficiently set forth by the words: "with intent in so doing;" or even without the use of the words: in so doing, where the act and intention are expressed as set forth in the statute.

The verdict of "guilty of wounding, with a dangerous weapon, less than mayhem," is responsive to the charge of ".shooting with intent to commit murder." 28 An. 434.

The crimes defined in Sections 791, 794, R. S., are separate and distinct offenses. 10 An, 171. 34 An.

An acquittal or conviction, on the trial of the one, cannot be plead in bar of a prosecution for the other, although the same transaction be the basis of both charges.

*Henry C. Castellanos* and *Arthur Gastinel* for Defendant and Appellant:

1. Variance between the verdict and the information. Sections 791 and 794 R. S.; 6 An. 286; 32 An. 571; Archb. 49; 32 An. 812; 31 Me. 386; 30 An. 311; 10 An. 191; Wh. Cr. L. 133; 1 Chit. C. L. 283; Bish. C. L. 813; 30 An. 1173; 30 An. 61; Sections 792-3-4, R. S.; 2 Martin, O. S. 48; 8 Rob. 542; Bish. C.L. 819; 24 Miss. 54; 1 Ch. C. L. 233; Russ. & Ry., C. C. 365; 2 East, P. C.; Rosc. Cr. Ev. 328; 13 Sm. & M. 242; 11 Ib. 317; 7 Carr. & Payne, 518; 3 Johns. R. 511; 2 Stark. Ev. 416, 419.

2. The information is fatal for uncertainty as to time and place. Archb. 43; Wh. C. L. 261, 272; Ch. C. L. 219, 222; Wh. Prec.; 8 Rob. 600; 1 Ch. 218, 219; Stark. C. Pl. 58, 62, 65; 2 Hale, 178; Arch. C. P. 34; 2 Hawk. Cap. 23, Sec. 88.

The opinion of the Court was delivered by

FENNER, J. Error is assigned on the face of the record, upon the following ground: "that the verdict rendered herein is null and void, there being a fatal variance between the crime charged and the finding of the jury."

The information charged the prisoner with the offense denounced in Section 791, Rev. Statutes, viz: shooting with intent to commit murder. The verdict was: " guilty of wounding with a dangerous weapon less than mayhem ; " being the offense denounced in Rev. Statutes, Sec. 794.

We have heretofore held, that the offense of *stabbing* "with a dangerous weapon, with intent to commit murder," (covered by Sec. 791, R. S.) and that of wounding with a dangerous weapon less than may-, hem, were separate and distinct crimes, which could not be joined in the same count of an indictment. State vs. Johns, 32 An. 812.

In a prior case, the precise question here presented arose, and it was held that, under an indictment, charging shooting with intent to kill or murder, a verdict of guilty of inflicting with a dangerous weapon a wound less than mayhem, was fatally variant. State vs. Pratt, 10 An. 191.

This authority, if adhered to, is conclusive. We find its reasoning apt and satisfactory, and its doctrine well supported by authority.

The reflection cast upon it in Jessie's case, 30 An. 173, was uncalled for and, we think, resulted from inadvertence in not observing the fundamental difference between the two cases.

In Jessie's case, the verdict was "guilty of inflicting a wound less than mayhem *with intent to kill;*" the italicized words bringing the case within the authority of Stouderman's case, 6 An. 286, which held, that a verdict of wounding *with intent to kill* was covered by the information, charging assault with a dangerous weapon *with intent to murder;* or, in other words, that the *intent to kill* was necessarily included within the *intent to murder* charged.

But in Pratt's case, as in the instant one, the verdict was silent as to any intent, and the Court, after approving Stouderman's case, said: "But the charge of inflicting a wound less than mayhem is not necessarily included in a charge of shooting with a dangerous weapon with the intent to kill and murder. * * * Here the jury have found a verdict for a statutory offense not charged in the bill of indictment by averments comporting with the terms of the statute, and not necessarily embraced in the offense as charged."

We adhere to this doctrine, which equally results from our own prior decision in John's case.

We have examined the text writers and authorities in England and America, without finding anything in conflict therewith. Take, for instance, the enumeration by Mr. Wharton of the cases in which verdict for a minor may be sustained under indictment for major offense: "Thus, if A be charged with feloniously killing B of malice prepense, and all but the fact of malice prepense be proved, A may clearly be convicted of manslaughter, for the indictment contains all the allegations essential to that charge. * * * Another illustration is that of assaults upon officers, assaults with battery, or assaults with felonious intent, where, as has been seen, all but the assault may be rejected

as surplusage, and the defendant convicted of that alone. And so of indictments for adultery, in which they may be convictions for forni-cation. An indictment charging that the defendant did ' embezzle, *steal,* take and carry away,' will be good for larceny." 1 Whart. Cr. L. Sec. 627 ; 1 Archbold, pp. 309, 310.

. In every case cited, proof of the major would necessarily include proof of the minor offense.

' But obviously, proof of " shooting with intent to murder," might well be made without proof of " inflicting a wound less than mayhem." The nature of the wound, which is of the essence of the latter offense, is not directly or indirectly put at issue. There is to be considered the further fact that, under a charge of *shooting,* defendant is found guilty of inflicting a wound less them mayhem with a *dangerous weapon,* which, for ought that appears, may not have been a *shooting* at all.

If Delany's case, 26 An. 434, is in conflict with Pratt's case, which is doubtful, it is unreasoned and it is not supported by the authority which it refers.

The unreported case at Monroe, referred to, is unknown to us, and could not avail with us to overrule the well-considered and thoroughly sound doctrine of Pratt's case.

It is, therefore, ordered that the judgment be arrested, that the sen-. tence be set aside, and the prisoner discharged.

### DISSENTING OPINION.

MANNING, J. It is a settled principle of criminal law that where one has been indicted for any offence, he may be convicted of one of less magnitude, provided the offences be of the same generic class. Whar-ton Cr. Law § 384, State vs. Ford, 30 Ann. 313. The question at issue here is, is the crime of which the prisoner was convicted of. the same class as that with which he was charged?

In State vs. Pratt, 10 Ann. 192, it was held they were not, and it has. never been so held since until in the present case.

In State vs. Delaney, 28 Ann. 434, the accused was charged with as-saulting and stabbing with a dangerous weapon with intent to commit murder, and was convicted of assault with a dangerous weapon and inflicting wounds less than mayhem. The conviction was held good, and is in direct opposition to the ruling in Pratt's case. The charges. in the two cases are identical, shooting in the case being only replaced by stabbing in the other, and the same verdict was rendered. Pratt's case was not mentioned in the opinion, but a case is none the less over-ruled by a contrary doctrine in a subsequent one because it is not said so in terms.

. The point was not presented again until State vs. Jessie, 30 Ann. 1173, where it was examined quite independently of Delaney's case, which was in its turn not alluded to, but Pratt's was mentioned, and the Court refused to follow it, and sanctioned the verdict upon the indictment, both of which are the same as in the case at bar. That ruling was adhered to in State vs. Williams, 30 Ann. 1162, and in State vs. Tumblon, decided at Monroe and unreported.

· I think these later decisions correct, but since there is conflict of opinion it becomes necessary to penetrate the philosophy of these criminal rules, and to ascertain the rationale of the principle which in criminal practice justifies a verdict of a minor offence under an indictment for a major.

, Such verdict was justified even at common law with all its strictness of criminal pleading, and attempts were made to exclude the principle from any application to prosecutions for statutory offences, on the ground that each statutory offence was distinct in itself, but the courts did not hesitate to hold that where crimes were defined by statute in set words, a conviction of one of less magnitude was legal under a charge of a greater.

The gist of the matter and the *raison d'être* of the rule is, that while the law will not permit two offences of the same class to be included in the same count because it tends to confuse the prisoner in his defence, it does sanction a conviction of a less offence under a charge of a greater because the prisoner cannot be confused in his defence. And why? For the reason that the evidence which is admissible to support the crime charged is equally admissible to support the crime found. There being a single act for which the prisoner is indicted, and the indictment charging it as constituting a grave crime, when the evidence which has been properly admitted under the averments of the indictment does not sustain the charge as made, but does sustain another crime less grave, the conviction for this latter is legal.

And thus it appears to me incontrovertible that the true test in a question of this kind is—was the evidence, that is admissible under the charge as laid, pertinent to the inquiry of guilt for the charge as found. And that is what the books and the courts mean when they say the offences must be of the same generic class, because it is only when they are so that evidence, admissible under one, can possibly support or be pertinent to the other, and that is what is meant by the expression that the one is necessarily included in the other.

To illustrate: under an indictment for rape, a conviction of thrusting with a dangerous weapon would not hold good, (except perhaps in a court of wags) but a conviction for an assault would be good. In an

indictment for burglary or robbery, a conviction of arson would be bad, but one for theft would not. If evidence were offered to prove arson, it would be excluded because not admissible to prove burglary, but evidence offered to prove burglary and admissible for that purpose, might not be sufficient to prove burglary but could prove theft.

. Apply this test to the present case. The prisoner was charged with shooting with a dangerous weapon with intent to murder. He was convicted of wounding with a dangerous weapon less than mayhem.

. Testimony that was admissible to prove shooting with a dangerous weapon with intent to commit murder, if not sufficient to prove that the act done by the prisoner amounted to that offence, would unquestionably be pertinent to the other. The evidence necessary to sustain the two offences is the same in kind. It differs only in degree. If evidence is offered to prove the shooting, and that it was with a dangerous weapon, and the intent was to murder, and it does prove the shooting, and that the weapon was dangerous, but does not prove the murderous intent, what crime have you proved? Assuredly the crime of wounding with a dangerous weapon, either mayhem, or less than mayhem, in this case the jury found less than mayhem. If one shoots with a weapon and hits, does he not wound? If he wounds less than mayhem is not that necessarily included in the shooting with the dangerous weapon with intent to murder? Shall it be argued that the intent, which constitutes the gravamen of the one offence, is fatally absent from the other? The distinction between murder and manslaughter is in the malice prepense, the intent of the act. But who ever doubted that a conviction of manslaughter was good under an indictment for murder.

. It is not necessary, say the New York court, that the particular intent and circumstance characterizing a lower degree of crime shall be stated, when the act for which the accused is indicted is of the same class as that for which he is convicted. Although the indictment contains averments constituting the offence of the highest degree of that species of crime, and omits to state the intent of the lower crime, the conviction of the latter is good. Keefe vs. People, 40 N. Y. 348; People vs. Thompson, Ibid. 1.

. The counsel for the defendant observe that the correct doctrine is stated in State vs. Stouderman, 6 Ann. 286, and so it is, but they can get from it no countenance for the position they have advanced. On the contrary the three cases of Stouderman, Delaney, and Jessie are perfectly consistent and harmonious, and all three must be disregarded if effect be given to Pratt's case. In Stouderman the Court conclude

the reasoning, which the defendant's brief characterizes as forcible and unanswerable thus:

" This general proposition is true that offences, created by different statutes, cannot be included in one count. But when the crime prohibited by one statute is greater in degree and includes the crime punished by the other statute, the greater crime denounced in a single count necessarily embraces the prosecution of the lesser crime, for which therefore the accused may be convicted under the count."

The crime of which the defendant was convicted is included in the crime with which he was charged, and therefore the prosecution of the greater necessarily embraces a prosecution for the less, because the evidence which was admissible to support the crime charged is pertinent to prove guilt of the crime of which he was convicted.

I think the verdict was legal and the sentence should stand.

BERMUDEZ, C. J. I concur with Mr. Justice Manning.

ON APPLICATION FOR REHEARING.

FENNER, J. The brief for rehearing, filed by the learned Attorney General, fails to produce a single case which does not fall distinctly within the principles of our original decision herein, and thus confirms our conviction of its correctness. Indeed, the more we have reflected upon it, the better satisfied have we become that the doctrine advanced by the State is inconsistent with the fundamental principles of criminal law.

Its first idea is, that no man can be convicted of any crime with which he has not been distinctly and specifically charged by indictment or information. Therefore, an indictment can support conviction of no offense which is not clearly expressed or necessarily included in its terms. Where the major offense charged necessarily includes a minor offense, the indictment includes the latter and will support conviction therefor. But when the major offense does not necessarily include the minor, but might be fully proved without including proof of the minor, how can it be said that the indictment, in charging the major, has also charged the minor offense? How does it inform the defendant that he is prosecuted for the latter, when, for ought that appears on the face of the bill, the State may intend to establish the major offense by evidence not at all supporting the minor? Obviously, the requirement of the law is not satisfied by the fact that the evidence in support of the crime charged may accidentally include proof of a separate and distinct crime, though of the same general character.

State vs. Murdoch.

Our decree in this case was formulated upon the decree in Pratt's case. Complaint is made that we erred in discharging the defendant, and should have held him in custody to abide further action in the court below.

The question is not free from difficulty; and desiring argument thereon on this point alone, the rehearing applied for is granted.

The Chief Justice and Manning, J., adhere to the dissenting opinion of the latter, and think the judgment of the lower court should be affirmed.

## ON REHEARING.

TODD, J. The rehearing was granted solely with reference to the correctness of that part of our previous decree discharging the accused from custody.

In the argument upon the rehearing, the Attorney General makes the admission that the accused could not be tried under the same indictment for the offense therein specially charged, nor for any other offense for which a legal verdict might be rendered under the indictment; and he only suggests that the accused be held to await a prosecution under a new indictment for the same offense of which he was convicted by the verdict of the jury which we set aside by our decree heretofore rendered. The effect of our decree, then, has been to end the prosecution for the offense set out in the indictment and for every offense with which the accused stood charged.

We do not feel authorized to continue him in custody to await a prosecution for an offense with which he has never been charged and may never be.

For these reasons, our former decree will remain undisturbed.

## CONCURRING OPINION.

BERMUDEZ, C. J. Considering that the previous decree is final, and that the admission of the Attorney General leaves no other alternative, I concur in the decree.

Manning, J., concurs in this view.

Poché, J., absent.