State vs. Oliver.

---

## No. 1145.

### THE STATE OF LOUISIANA vs. TOBE OLIVER.

The judgment appealed from sustained a motion in arrest on the ground of defect in the verdict, and remanded the prisoner to custody to await a new trial. The accused, contending that the legal effect of sustaining the motion in arrest, on the ground stated, was to terminate the case and to entitle him to a discharge, and thus to make it a final judgment, prosecutes this appeal to correct the alleged error in remanding him to custody.

He is entitled to have the question passed on.

There was no error in the action of the judge *a quo*. The defect in the verdict was that, being special, it found accused guilty of no crime denounced by law, and it thus falls under the authority of Foster's case, 36 Ann. 857, and Burdon's case, 38 Ann., in both of which the verdict was set aside and prisoner remanded for new trial.

The case is different from those of Day, 37 Ann. 785, and Murdock, 35 Ann. 729, where the verdicts were not defective in form or substance, but were only set aside because not warranted by the indictment.

Reasons given for the distinction.

APPEAL from the Second District Court, Parish of Webster. *Drew*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Watkins & Watkins* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. Defendant was tried under an indictment charging that he did "wilfully, feloniously and of malice aforethought shoot Frank Key, with intent him, then and there to kill and murder," etc.

The indictment is, in every respect, properly framed, as a charge of the offense denounced by Sec. 791 of the Revised Statutes.

After due trial, the jury rendered the following verdict: "We the jury find the prisoner guilty of shooting with *attempt* to kill and ask for him the mercy of the court."

Defendant moved for a new trial on several grounds, and also filed a motion in arrest of judgment on the ground that "the verdict is not responsive to the indictment, and the variance between the two is fatal and the accused should be finally discharged as in effect acquitted."

The two motions were tried together, and judgment was rendered as follows: "By reason of the law and the failure of the jury to find a legal verdict, it is ordered, adjudged and decreed that judgment be arrested, the verdict of the jury set aside, and the defendant remanded to the custody of the sheriff for a new trial."

From this judgment the defendant appeals, claiming that the effect of the judgment sustaining the motion in arrest of judgment was to terminate the prosecution and to require the discharge of the accused: and the qualification thereof remanding him to custody for a new trial was erroneous and illegal.

The attorney for the State moves to dismiss the appeal on the ground that, in criminal cases, appeals only lie from final judgments, and that this is not such a judgment. He cites Rev. Stat. sec. 1001; 37 Ann. 62; 33 Ann. 1228; 15 Ann. 347; 12 Ann. 390; 9 Ann. 69, 157; 8 Rob. 583.

Undoubtedly it is true that criminal appeals only lie from final judgments; but the contention of defendant is that this judgment is, in its nature and legal effect, final; and that the judge has committed error in qualifying it and thereby denying its effect as a final judgment.

Under the peculiar circumstances we think the appeal should be maintained and the question passed upon; since, if the nature of the judgment rendered be such as to terminate the prosecution and require the discharge of the prisoner, it is intolerable that he should be held in custody and subjected to a new trial and judgment therein, before such an error could be corrected.

On the merits, however, we think the judge did not err in his ruling.

The defect of the verdict is that it finds the prisoner guilty of no crime denounced by law. It falls directly under the authority of State vs Foster, 36 Ann. 857, and State vs. Burdon, 38 Ann.—not yet reported—in both of which cases, after setting aside the verdict, we remanded them for new trial.

This course is in strict accord with the authorities. Thus Mr. Bishop says: " There ought never to be a defective verdict. If the jury bring. in a defective verdict, it is in the power equally of the prisoner and of the prosecuting attorney to have it set right; and suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he, by thus failing to interpose, waives his. objection to being put a second time in jeopardy for the same offense. In all such cases, therefore, the verdict is simply set aside as a nullity, and a new trial is ordered." 1 Bishop Cr. Proc. § 1016, and numerous cases there cited.

The cases of Day, 37 Ann. 785, Murdock, 35 Ann. 729, and Pratt, 10 Ann. 191, were of a different character. In those cases the verdicts were not defective in form or substance. They were sufficient verdicts for crimes denounced by law; and were only set aside because not warranted by the indictments. The defendants could not have objected. to the recordation of such verdicts and the implied waiver of second jeopardy did not arise. Their only recourse was by motion in arrest, after verdict.

We think the judge a quo acted in full accordance with law.

Judgment affirmed.