*1025 The opinion of the court was delivered by
Watkins, J.
The defendant was indicted for the perpetration of the crime of burglary and larceny, committed in a dwelling house, and having been convicted of petit larceny and sentenced to imprisonment at hard labor in the State Penitentiary for a period of ■eighteen months, he prosecutes this appeal, relying upon a single bill of exception taken to the charge of the trial judge.
Among other things, the judge stated in his charge to the jury that they could find the three following verdicts, viz.: (1) Guilty as charged; (2) Guilty of larceny; (3) Not guilty; and the defendant, by counsel, excepted that under the indictment he could not be convicted of larceny, and his charge was erroneous.
There is but one count in the indictment, and it charges that the defendant did, in the night-time, with force and arms, a certain dwelling house feloniously and burglariously break and enter, with the intent to steal the goods and chattels of one Rogers Wadden, then and there situated; and that he did take, steal and carry away the goods and chattels described as being situated therein.
The statute declares that “whoever, with intent to kill, rob, steal, etc., shall, in the night-time, break and enter a dwelling house, on conviction shall be imprisoned at hard labor not exceeding fourteen years.” Revised Statutes, Sec. 851.
Other sections of the Statutes ars quite similar; but neither of them denounces the crime of larceny, or makes any provision for its punishment; this is covered by a different section altogether. Revised Statutes, See. 812.
Neither are the two crimes of the same generic class.
In State vs. Alfred Ford, 30 An. 311, the question here presented was examined and decided in fa mr of the defendant, the court saying:
“The offence of burglary is quite distinct from that of larceny. They belong to different families of crime, and it would be an ■enlargement of the rule, not warranted by authority or precedent, to hold good a conviction for one of them upon an indictment for the other.”
In that ease, as in this, defendant was indicted for burglary and larceny in one count.
We are of opinion that the defendant’s bill of exceptions was well taken, and that the verdict and sentence must be set-aside.
*1026 It is therefore ordered and decreed that the verdict of the jury, and the sentence thereon pronounced, be annulled and set aside; and it is further ordered and decreed that the accused be set at liberty and his bond canceled.