State vs. Gaston Hearsey.

## No. 12,758.

### STATE OF LOUISIANA VS. GASTON HEARSEY.

Our statutes prescribe a penalty for " assault with *intent* to commit rape," but none for " assault with *attempt* to commit rape."

A verdict, therefore, returned for " assault with *attempt* to commit rape," on an indictment for rape, and a sentence, based thereon, of fifteen years at hard labor under Act 59 of 1896, prescribing a penalty of not exceeding twenty years for assault with *intent* to commit rape. can not be sustained.

APPEAL from the Fifteenth Judicial District Court for the Parish of East Baton Rouge.   *Brunot, J.*

*M. J. Cunningham*, Attorney General, *H. N. Sherburne*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*T. Jones Cross* and *L. D. Beale* (*Jos. E. Generelly* of Counsel) for Defendant, Appellant.

Argued and submitted March 12, 1898.
Opinion handed down March 21, 1898.

The opinion of the court was delivered by

BLANCHARD, J. The accused was indicted for rape. His trial resulted in the following verdict:

" Guilty of assault with attempt to commit rape."

From a sentence of fifteen years at hard labor he appeals.

His case is presented in a half dozen bills of exception, averring errors in the course of the trial below.

We do not find it necessary to pass upon all the questions raised. One suffices.

Before sentence was pronounced, a motion in arrest of judgment was filed on the ground that the verdict as returned is not responsive to the indictment, and finds the accused guilty of an offence not defined or denounced by the law, and for which no penalty is prescribed by statute,

The court erred in denying this motion.

The indictment charged the prisoner with violently and feloniously assaulting the prosecurix and ravishing and carnally knowing her.

The testimony justifying the same, the jury might have found him guilty of rape, or of assault with *intent* to commit rape.

There are crimes denounced by statute and for which penalties are prescribed.   R. S. 787, 792; Act 59 of 1896.

But there is no such specific offence as "assault with *attempt* to commit rape," and even if such verdict could, under the terms of Sec. 1053 of the Revised Statutes, be returned on a prosecution for rape, where is the law which prescribes the penalty?

The section of the law cited does declare that if a person be charged with a crime and on his prosecution therefor it does not appear that he actually completed the offence, but it does appear that he did *attempt* to commit the same, the jury must acquit him of the offence charged, but find him guilty of *the attempt.*

"And thereupon," continues the statute, "such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment."

That is to say; if there were a statute prescribing a penalty for *assaulting with attempt to commit rape,* then, under the law quoted, this accused person having been tried for rape, the trial judge could have passed upon him the sentence of the law.   But where no law exists specifying a penalty for assault with attempt to commit rape, no sentence on such finding can be passed.   It were idle, therefore, for this jury to find the accused, tried for rape, guilty of an attempt to commit rape and seek to justify the verdict under the terms of R. S. 1053, when that statute does not prescribe a penalty for the offence, and none exists elsewhere in the law.

It may be true, as contended on behalf of the State, that the language of the law referred to authorizes a verdict *of attempt to commit* the crime charged in the indictment to have been committed.

But the statute is imperfect and incomplete in not stating a penalty for the offence of "attempt" to commit rape, and as no other statute ekes it out in this particular, it follows that the verdict and sentence appealed from are without warrant of law.   See State vs. Foster, 36 La. An. 857; State vs. Burden, 38 La. 357.

The sentence in this case is based upon Act 59 of 1896, which amends and re-enacts Sec. 792 of the Revised Statutes.   This law prescribes that: "whosoever shall assault another by wilfully shooting at him, or with intent to commit murder, rape, or robbery, shall, on conviction thereof, be imprisoned at hard labor not more than twenty years."

The crime here, it will be noted, for which the penalty up to twenty years is prescribed, is assault with *intent* to commit murder, rape, or robbery. Not assault with *attempt* to commit those crimes.

It may be that the jury, in the instant case, intended to find the prisoner guilty of assault with *intent* to commit rape. But that was not the language used and we can not assume it. Nor is it suggested in argument or brief that such was their intention.

In charging an assault with intent to commit rape, the use of the word " intention " instead of " intent" is not fatal; but it is otherwise as to the use of " attempt." A. & E. Ency. of Law, Vol. 19, pp. 957, 958; State vs. Oliver, 38 La. An. 632.

On an indictment for rape, a verdict finding the accused not guilty of the crime charged, but " guilty of an attempt to commit rape," will not support a conviction for " an assault with intent to commit rape." A. & E. Ency. of Law, Vol. 19, p. 968, note.

For the reasons assigned, it is ordered, adjudged and decreed that the verdict and sentence appealed from be annulled, avoided and reversed, and that the case be remanded to be proceed with according to law.

BREAUX, J., in a written opinion dissents.