State vs. Bellard.

No. 12,736.

STATE OF LOUISIANA VS. UDEON BELLARD.

The exclamation of by-standers at the time of the commission of an offence claimed in the bill of exceptions " to characterize the act" under investigation are not, at least as a general rule, admissible as "*res gestæ*," and in this case were properly excluded. Roscoe on Criminal Evidence, p. 22; 39 An. 470; 48 An. 1407.

The verdict of "striking with intent to kill" will not support the sentence for striking with a dangerous weapon with intent to kill. R. S., Secs. 790, 791, etc.; Act No. 44 of 1890.

Under the charge for striking with a dangerous weapon with intent to kill and murder, the jury can not convict of assault. Acts Nos. 43 and 44 of 1890; R. S., 790, 791 *et al.*; 48 An. 1061.

In an indictment for striking with a dangerous weapon with intent to kill, it suffices that the intent is qualified by the words "wilfully, maliciously and of his malice aforethought." 33 An. 921; 36 An. 336.

APPEAL from the Eleventh Judicial District Court for the Parish of Acadia. *Dupré, J.*

*M. J. Cunningham*, Attorney General, and R. Lee Garland, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*E. P. Veazie* and *E. S. Pugh* for Defendant, Appellant.

Argued and submitted February 26, 1898.
Opinion handed down April 18, 1898.

The opinion of the court was delivered by

MILLER, J. The accused sentenced for " striking with intent to kill," under an indictment for striking with a dangerous weapon with intent to kill and murder, takes this appeal.

One of the bills of exception reserved on behalf of the accused presents the question whether the verdict "of striking with intent to kill " supports the sentence prescribed by the statute the lower court deemed applicable, defining the offence of striking, thrusting, stabbing or cutting with a dangerous weapon with intent to kill. Acts 1890, No. 44. This act as well as Act No. 43 of 1890 and Secs. 790, 791, 793, 794 of the Revised Statutes, deal with the different

phases of shooting, stabbing, etc., with intent to kill or murder, but "with a dangerous weapon" is part of every definition of the offence. The verdict in this case entirely omits "with a dangerous weapon," and is a specific finding "guilty of striking with intent to kill." The serious question is, can we sustain this verdict as conforming to the statute under which the lower court pronounced sentence; in other words, can we supply "with a dangerous weapon?" In a recent case of an indictment under Act No. 43 of 1890, where the verdict was "guilty with intent to kill," we held "guilty" was qualified only in respect to the intent; that is, there was a verdict of guilty of the charge, but a special finding as to the intent. Thus construed, the verdict conformed to Act No. 44 of 1890, which substitutes "intent to kill" for the more serious "intent to murder," used in Sec. 791 of the Revised Statutes and Act No. 44 of 1890. In this case we can not, in any reasonable interpretation of language, refer "guilty" to the crime charged of striking with a dangerous weapon with intent to kill or murder, for the finding is "guilty of striking with intent to kill." We are forbidden in construing the verdict to go beyond the words used by the jury, giving to the words their natural significance; that is, in this case, we can not read the verdict as guilty of striking with a dangerous weapon, when the verdict is simply "guilty of striking." 1 Archbold Criminal Law, p. 608; State vs. Patza, 3 An. 512; State vs. Davis, 20 An. 354; State vs. Burden, 38 An. 357. In our opinion the verdict does not support the sentence.

In view of the new trial that must occur, we deem it proper to express our views on the questions raised by the other bills. It is insisted the court erred in excluding questions to show exclamations contemporaneous with the shooting and coming from the group around the participants in the difficulty. The exclamations, the bill informs us, "characterized the act, showing it was not done by the accused, but by others." The questions were excluded on the ground the exclamations of third persons were not admissible as "res gestæ." While there are expressions in some of the text writers that seem to favor the admissibility of the statements of third persons as constituting res gestæ when accompanying the crime under investigation, it must be conceded the general rule is against the admissibility of such statements. Certainly, in this case we find no basis to recognize an exception to the general rule. The

case of Lord George Gordon put by Professor Greenleaf, cited in argument, was his indictment for treason, and to illustrate the treason, it was essential to show the character of the mob he headed. On that view the cries of the mob were permitted to be shown. That case does not at all support the general proposition that the statements of mere bystanders when a difficulty occurs, resulting in shooting, killing or other alleged offence, are to be admitted as testimony. The exclamation of a participant contemporaneous with the event to which it refers carries its appropriate weight; what comes from a looker-on, "characterizing the act," as the bill in this case puts it, is apt to express merely his belief, or his sympathies or prejudices. His testimony, if he has any actual knowledge, is attainable, and reason prompts he should be put on the witness stand. Greenleaf, in stating the case of Lord George Gordon with other instances, affirm, the general rule "that rejects all hearsay reports by persons not produced as witnesses." Greenleaf, Vol. I, Secs. 108, 124; Roscoe Criminal Evidence, p. 22 *et seq.* Our own jurisprudence is on the line excluding such statements. In one case on the charge similar to that here, the exclamation at the time of the shooting, identifying the accused, and made in his presence, was admitted. In another case the statements of the third person manifestly conveying his opinions and narrative, were excluded, but the decision carries no implication the statements would have been admissible, if not opinions and statements of a past occurrence. State vs. Ramsey, 48 An. 1407; State vs. Desroches, 48 An. 430. We think the current of our jurisprudence, notwithstanding expressions in some cases exhibiting peculiar features, indicating a contrary tendency, is against the admissibility of the testimony sought to be introduced in this case and the ruling of the lower court on this point we hold to be correct. State vs. Moore, 38 An. 66; State vs. Oliver, 39 An. 470; State vs. Riley, 42 An. 996.

Other exceptions relate to the refusal of instructions asked that under the charge in the indictment the jury might return a verdict of assault, or of other offences supposed by the argument to be included in the greater offence charged. R. S., Secs. 793, 796, 797. We considered this question, or rather a question of similar character, quite recently. We reached the conclusion against the position assumed on behalf of the accused in this respect. We adhere to that decision. State vs. Robertson, 48 An. 1067.

Another contention presented by the bills is that the indictment is defective in not qualifying the striking, as well as the intent, by the words " wilfully, feloniously and of his malice aforethought." The line of authorities citied in this connection refer, we think, to the entire omission of such words, or to the question of equivalent import where one only of these words is used.   State vs. Williams, 37 An. 776; State vs. Breen, 42 An. 644.   Here the pleader has used the word feloniously in qualifying the act and the appropriate words to mark the intent, thus: did feloniously strike with a dangerous weapon A B, with intent feloniously and of his malice aforethought to kill and murder him, the said C D.   In our view it is unnecessary to introduce twice the words supposed to be necessary—first, to qualify the striking and then to qualify the intent.   The rule that the common law elements of the crime must be used when the common law designation of the offence is used in the statute is observed in this case.   The common law designation of the offence occurs in connection with the intent, and there the pleader has employed the words wilfully, feloniously and of his malice aforethought.   Our own decisions have sustained the indictment in this form.   State vs. Bradford, 33 An. 921; State vs. Frances, 36 An. 336.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be avoided and reversed, and that the accused be held for another trial and to abide the result thereof.