(44 South. 22.)

No. 16,603.

STATE v. HARRIS.

(May 13, 1907.)

1. CRIMINAL LAW—FORMER JEOPARDY.

The defendant, charged with murder, interposed the plea of former jeopardy.

2. SAME—RECITAL OF FACTS.

He had been tried to the extent that the testimony had gone to the jury. The usual proceedings were observed. The jury retired to their room of deliberation. After two hours they returned and reported to the court that they could not agree. The court ordered note of a mistrial to be made and discharged the jury.

The complaint on the second trial was that the time allowed for deliberation was not sufficient.

3. SAME—DISCRETION OF TRIAL JUDGE.

Many things within judicial proceedings cannot be brought within an exact rule. Necessarily many are left to the discretion of the trial judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 2072.]

4. SAME—MISTRIAL.

The trial court, having heard the evidence, was aware of the nature of the questions involved. and was in a position to determine whether the jury had deliberated a sufficient length of time to justify entering an order of mistrial and discharging the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 2071–2078.]

5. SAME—NO FORMER JEOPARDY.

Unless the court has manifestly erred, the order complained of will not afford ground to enable the defendant to successfully stand on the plea of former jeopardy and claim his acquittal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 344.]

6. SAME—TIME FOR DELIBERATION.

While this court has always sought to impress the trial court with the importance of avoiding hurry in the trial of criminal cases, it has left it in great part to the trial court in its discretion of judging of the length of time a jury should deliberate.

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Calvin Kendrick Schwing, Judge.

Sam Harris was convicted of murder, and appeals. Affirmed.

Paul Geddes Borron, for appellant. Walter Guion, Atty. Gen., and Albin Provosty, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. The charge was murder. The verdict and sentence were guilty, without capital punishment.

One question, and that of law, is before us for discussion and decision.

The fact from which this question arises is that the jury was discharged after two hours' deliberation for failure to agree.

The judge of the district court stated in the narrative forming part of the bill of exceptions that two hours after the jury had retired for deliberation they informed him that there was no hope of their reaching a verdict, and that as they had served during the entire week he felt disinclined to keep them locked up during the entire night, as there seemed no hope of their reaching a verdict.

The defendant, taking as a predicate the asserted hasty discharge of the jury, when the case was called for trial before a second jury impaneled, filed a plea in bar, in which he urged through learned counsel that the court erred to his prejudice in discharging the jury at a previous term, as they did not have sufficient time to deliberate; that by the former trial his life had been placed in jeopardy, and in consequence he was entitled to his discharge, and to a dismissal of all the proceedings against him.

In the trial of a criminal case the court is vested with large discretion, particularly as relates to the time allowed to the jury to deliberate. Jurisprudence is practically unanimous upon the subject. There should be no interference on the part of the appellate court, unless in a moment of haste the court acts to the prejudice of the accused.

It does not appear that it acted to the prejudice of the accused in this instance.

As, for illustration: Had the jury found a verdict of not guilty, defendant properly enough would not have been in the least inclined to complain; had the jury found him guilty, there would not have been any ground of complaint. It would have been thought that the guilt was patent, and that the jury agreed without much delay, as is frequently done in many cases.

If the time would not have been too limited to find a verdict of acquittal or guilty, the reason which leads to that conclusion supports the conclusion to some extent, at least, that it was not prejudicial error to reach the conclusion that the jury could not agree.

A responsibility of a serious nature rests upon jurors. If they announce to the court that they cannot agree, and the court takes it as correct, it cannot well be held without evidence that the court erred and should not have believed the jury.

The jury's service, as stated by the court, during the week, was not, we infer, the controlling reason. The controlling reason, as we understand, was the statement of the jury, which the court accepted as correct.

The court had the authority, if satisfied that the jury could not agree, to order its discharge, provided there is no undue haste. State v. Blackman, 35 La. Ann. 484; State v. Flint, 33 La. Ann. 1291; State v. Ferguson, 8 Rob. (La.) 613.

Haste in judicial proceedings is not commendable. It wrests from judicial proceedings the weight and importance they should have. A mistrial should be ordered only after it is abundantly evident that no agreement can be reached.

But it does not follow that, as relates to time, the difference between two and three hours should be considered on appeal, and in case the jury is discharged after three hours' deliberation it should be considered sufficient, and that if two hours only had elapsed it should be considered insufficient.

The judicial character and the official responsibility of the judge must be taken as having some weight. State v. Blackman, 35 La. Ann. 484.

We must decline to characterize as undue haste that which the trial judge positively asserts was done upon evidence satisfactory to him that the jury could not agree.

It must be taken as correct that there is cause sufficient for the discharge until the contrary appears.

It must be recalled that the judge heard all the testimony. He was, in all probability, acquainted with the personnel of the jury. It may be that the questions were such that he may have had the best reasons to infer, when they reported to him that they could not agree, that it was useless to longer retain them.

The judge has not given this as his reason. The trial judge does not always state all the reasons by which he was prompted.

The appellate court may consider the reasonable phases which, in all probability, presented themselves during the course of the trial.

It only remains for us to affirm the verdict and judgment.

For reasons stated, the verdict, sentence, and judgment of the court are affirmed.