(62 South. 407.)

No. 19,908.

STATE v. JOHNSON.

(May 26, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 881*)—SHOOTING WITH INTENT TO KILL—VERDICT.

Where one is charged with shooting with felonious intent of killing and murdering, a verdict that, "We, the jury, find the accused guilty as charged, except shooting with intent to kill," is not responsive to the question of whether the accused is guilty of the crime charged, because, if the accused was not guilty of shooting with intent to kill, he was not guilty of shooting with intent to murder.

[Ed. Note.—For other cases, see Criminal Law, Cent.Dig. §§ 2089, 2093; Dec.Dig. § 881.*]

2. CRIMINAL LAW (§ 893*)—VERDICT.

The words of a jury in their natural signification must be deemed controlling, and it is not permissible for the court to go beyond the words of the jury to supply a supposed intendment of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2089, 2527; Dec. Dig. § 893.*]

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Tom Johnson was convicted under indictment charging shooting with intent to kill, and appeals. Reversed and remanded.

Joseph Moore, of Lake Charles, for appellant. R. G. Pleasant, Atty. Gen., and T. Arthur Edwards, Dist. Atty., of Lake Charles (G. A. Gondran, of Donaldsonville, of counsel), for the State.

BREAUX, C. J. The grand jury for the parish of Allen found a true bill against Tom Johnson on the 30th day of March, 1913, for shooting Will Rayford with felonious intent of killing and murdering him. He was placed on his trial on the 1st of April following.

The jury was duly impaneled on the 2d of that month, and on the next day found a verdict against him in the following words:

"We, the jury, find the accused guilty as charged except shooting with the intent to kill"—and recommended the accused to the extreme mercy of the court.

On the 3d day of April the court condemned him to serve 12 months at hard labor in the state penitentiary.

Defendant complains in the first place of the court's ruling permitting the district attorney to introduce a pair of trousers in evidence. They were the trousers of the prose-

cuting witness, which he wore at the time of the shooting. There were incisions made in the trousers with an edged instrument. The court said that these cuts in the trousers had some reference to the crime charged.

One Bailey it was said was the one who cut the trousers.

The court further said that the trousers were "thoroughly identified," to quote his own words. These trousers form part of the res gestæ, said the court. That, in addition, connected with the oral testimony, they were as evidence pertinent in the case.

The man Bailey, who did the cutting, denies that he was the one who had cut the trousers.

As these trousers were identified, and as it was "abundantly shown," as stated by the judge, that they were cut, and as they seem to have been a link in the chain of evidence, we are not inclined to differ with the trial judge. They were part of the res gestæ and pertinent. We feel quite confident that the trousers do not afford ground to set aside the verdict.

Again, defendant through learned counsel urged that the district attorney during the argument said to the jury, "Let it go forth that the men of Allen parish will down lawlessness." Here the attorney for the defendant interrupted the district attorney, and objected to the remark, and asked the court to rule upon the objection. The court declined to interfere, and the district attorney, continuing, added, after resuming, they "include," referring to the remarks, "enforce the law for the defendant as well as for the state." Further, "when the law and the evidence justify it convict." "Let it likewise be said that, when a defendant is placed on his trial in Allen parish, he will receive the same even-handed justice."

These remarks of the district attorney, slightly disconnected, surely did not have a

prejudicial effect **urged by defendant** through counsel.

The court has given reasons for not interfering. Doubtless after having listened to the whole of the argument of the district attorney, the court states that the remarks were fair; that the district attorney had not asked for conviction of any one not guilty.

To say the least, the remark does not appear to have been prejudicial.

Lastly, the point of the defense is that the verdict is not responsive, but indefinite, vague, and ambiguous.

[1] We have quoted this verdict above, and we must say that it is not free from objection. The first part of the verdict is vitiated by the second part. The court had instructed the jury that it was possible for it to find one of three verdicts—guilty as charged, guilty of intent to kill, and not guilty. The jury's verdict is to the contrary. They expressly excepted "shooting with intent to kill." This is certainly not a verdict of guilty. If the accused was not guilty of shooting to kill, he certainly was not guilty of shooting with intent to murder. The verdict is too ambiguous to admit of its enforcement by a decree of the court. To sustain the judgment in the case, it would be necessary to supply the intendment. This cannot be done, for, however clear it may be that the jury intended to convict, the judgment cannot be predicated on a supplied intendment.

The court said in the case of State v. Johnson, 46 La. Ann. 6, 14 South. 295, that which applies here: If the jury intended to find the accused guilty of shooting with intent to kill, it failed to properly express the intention. The words used by the jury, giving to them their natural significance, must be held as controlling. "We," said the court in State v. Bellard, 50 La. Ann. 595, 23 South. 505, 69 Am. St. Rep. 461, "cannot supply as part of

the verdict the words 'with a dangerous weapon' when the verdict simply is 'guilty of striking.' " The court cannot supply the facts necessary to constitute the crime. 2 Hawkins, P. C. 626; State v. Blue, 84 N. C. 809.

The omission of any fact necessary to constitute the crime is fatal. 3 Wharton on Criminal Law, § 3188.

Where intent is a necessary word, it must be found in a special verdict. State v. A. B. French, 50 La. Ann. 461, 23 South. 606; State v. Hearsey, 50 La. Ann. 373, 23 South. 372.

It is not permissible to go beyond the words used by the jury in matters essential in finding the crime. State v. Bellard, 50 La. Ann. 594, 23 South. 504, 69 Am. St. Rep. 461, referred to approvingly in State v. French.

The court declined to assume language essential to denounce a crime in the case of the State v. Hearsey, before cited.

In the case of the State v. Flanakin, 128 La. 455, 54 South. 490, the jury had returned a verdict of manslaughter in a case in which defendant was charged with murder. The court held that it did not answer the question, Is the accused guilty or not guilty? And the court reached the conclusion that the jury intended to find the accused guilty of manslaughter only inferentially, and that the verdict, therefore, did not furnish a basis for a sentence.

We will state in conclusion in the instant case if the jury intended to find the accused guilty of shooting with intent to kill they did not so state. It can only be reached by inference. If they intended to find him guilty of shooting with intent to murder, they were equally as unsuccessful in expressing their intent. It does seem that the use of the words "without intent to kill" is fatal.

For reasons stated, it is ordered, adjudged, and decreed that the verdict, sentence, and judgment are avoided, annulled, and reversed, and case remanded for further proceedings according to law.