(111 So. 423)

No. 28102.

## STATE v. FRADELLA.

(Jan. 3, 1927. Rehearing Denied Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬤⟼125(42)— **Jury cannot convict defendant of larceny where burglary and larceny are charged in same count.**

Where burglary and larceny are charged in one count, jury cannot convict of larceny, as indictment or information is for burglary only.

2. **Criminal law** ⬤⟼187—**Where defendant was charged in one count with burglary and larceny, conviction of larceny operated as acquittal of burglary precluding retrial (Const. 1921, art. 1, § 9; Act No. 47 of 1890).**

Where defendant was charged by information containing one count with burglary and larceny, under Act No. 47 of 1890, verdict of guilty of larceny, which was invalid, operated as acquittal of defendant of burglary, precluding retrial for burglary on plea of autrefois acquit, under Const. 1921, art. 1, § 9, providing no person shall be twice put in jeopardy of life or liberty for same offense.

3. **Criminal law** ⬤⟼189—**Setting aside verdict of guilty of larceny under count charging both burglary and larceny did not destroy verdict as acquittal of burglary.**

In prosecution of defendant charged in one count with burglary and larceny, action of court in setting aside verdict for larceny and granting new trial did not destroy legal effect of verdict as acquittal of crime of burglary.

4. **Criminal law** ⬤⟼976—**Defendant, found guilty of offense not contained in that charged, is entitled, on arrest of judgment, to discharge, ending prosecution for offense charged.**

Accused, charged with one offense, and found guilty of an offense not contained in that charged, is entitled, on arrest of judgment, to be discharged, ending prosecution for offense set forth in information or indictment.

5. **Criminal law** ⬤⟼204—**Where conviction for larceny operated as acquittal of burglary charged, seeking new trial did not divest right of defendant to claim former jeopardy (Const. 1921, art. 1, § 9.)**

Defendant, improperly convicted of larceny under count charging both larceny and burglary, was not estopped to set up plea of autrefois acquit as to burglary by reason of having applied for and obtained new trial, as finding of jury was acquittal of burglary fixing defendant's rights; Const. 1921, art. 1, § 9, excepting from rule against former jeopardy case of defendant's seeking for new trial not being applicable.

Land, Brunot, and Thompson, JJ., dissenting.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Salvador Fradella was convicted of larceny and was granted a new trial. From a ruling sustaining defendant's plea of autrefois acquit, the State appeals. Judgment affirmed.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., of Gretna (E. R. Schowalter, of New Orleans, of counsel), for the State.

A. T. Higgins, of New Orleans, and J. K. Gaudet, of Gretna, for appellee.

ROGERS, J. The defendant was charged by information containing one count with breaking and entering in the nighttime and larceny under the provisions of Act 47 of 1890. Upon the trial of the case, the judge instructed the jury, over defendant's objection, that they could bring in one of three verdicts, viz. "guilty as charged," "guilty of larceny," and "not guilty." Defendant was found guilty of larceny. He applied for a new trial upon the ground, among others, that the verdict was illegal because the charge of burglary and larceny was included in one count, and therefore he could be found guilty only of burglary or not guilty. His application was granted and a new trial ordered. Upon his second trial on the same information, after the jury was impaneled and sworn, defendant filed a plea of autrefois acquit, in which he alleged, substantially, that the verdict of larceny on his former trial operated as an acquittal of the crime of

burglary, and that on his second trial he could only be tried for the crime of larceny. The state demurred to the plea, but it was sustained by the district judge and the state is prosecuting this appeal from the ruling.

[1, 2] When burglary and larceny are charged in one count, the indictment or information is for burglary only. State v. Desselles, 150 La. 494, 90 So. 773; State v. Hataway, 153 La. 751, 96 So. 556. In such a case the jury cannot convict the accused of larceny. The question thus presented for determination, under the pleadings of the parties, is, does the fact that the verdict of the jury was invalid operate as an acquittal of the defendant of burglary so as to preclude his retrial for the same offense?

[3] There is a line of cases which hold that when a verdict rendered upon a valid indictment or information finds the accused guilty of an offense unknown to the law, or is so uncertain and imperfect in form and substance that no judgment can be given upon it, and it is therefore set aside, such verdict does not operate as an acquittal, and is no bar to a further prosecution under the same indictment, or for the same offense contained therein, and that when, in such case, judgment is arrested by this court, the accused will not be discharged, but will be remanded for another trial under the same indictment or information. State v. Johnson, 133 La. 67, 62 So. 407; State v. Bellard, 50 La. Ann. 594, 23 So. 504, 69 Am. St. Rep. 461; State v. Hearsey, 50 La. Ann. 373, 23 So. 372; State v. Burdon, 38 La. Ann. 357; State v. Oliver, 38 La. Ann. 632; State v. Hendricks, 38 La. Ann. 682; State v. Peters, 37 La. Ann. 730; State v. Foster, 36 La. Ann. 857; State v. Blackman, 35 La. Ann. 483; State v. Reonnals, 14 La. Ann. 278. The rule enunciated in this jurisprudence, however, is not applicable to the case in hand. Here the defendant was prosecuted under a valid information for burglary. Under the instructions of the trial judge, to which timely objection was made, he was convicted of larceny, an offense well known to the law, but not legally charged in the information. The verdict itself was not defective either in form or in substance. The issue submitted to and passed upon by the jury, under the instructions of the trial judge, was whether defendant was guilty of burglary, guilty of larceny or not guilty. From their verdict of guilty of larceny, it is impossible for us to reach any other conclusion than they failed to find any justification in the proven facts for a verdict of guilty of burglary. They believed, as they had a right to do, that their verdict was responsive to the charge, and it was so accepted by the trial judge. It was only after the application for a new trial was made, and argument heard thereon, that the trial judge set the verdict aside because it was not warranted by the information. But we do not think his action can destroy the legal effect of the finding of the jury.

[4] When an accused is charged with one offense and is found guilty of an offense not contained in the one charged, he is entitled on arrest of judgment to be discharged. The effect of arresting judgment in such case is to put an end to the prosecution for the offense set forth in the information or indictment. State v. Pratt, 10 La. Ann. 191; State v. Murdoch, 35 La. Ann. 729; State v. Day, 37 La. Ann. 785.

The case of State v. Robertson, 48 La. Ann. 1024, 20 So. 166, is exactly in point. There the defendant was indicted in one count for burglary and larceny. The trial judge stated, among other things, in this charge to the jury:

"That they could find the three following verdicts, viz.: (1) Guilty as charged; (2) guilty of larceny; (3) not guilty."

Defendant excepted to the charge that under the indictment he could be convicted of larceny. The jury found him guilty of larceny. On appeal, this court held that the charge was erroneous; that the conviction of defendant for larceny was illegal. The court annulled the verdict and sentence and ordered the accused to be set at liberty and his bond canceled. The court recognized that the verdict operated as an acquittal of the crime charged in the indictment; otherwise, it would not have ordered defendant's discharge, but would have remanded him for a retrial for the offense set forth in the indictment.

This court has also held that, where an indictment for murder was not a valid indictment for manslaughter, in setting aside the invalid verdict for manslaughter solely on that ground, the verdict of guilty of manslaughter, although invalid as a conviction of manslaughter, was a valid acquittal of the crime of murder as charged in the indictment. See State v. Foster, 7 La. Ann. 255; State v. Freeman, 17 La. Ann. 69; State v. Morrison, 31 La. Ann. 211; and State v. Victor, 36 La. Ann. 978. In each of said cases the court ordered the defendant discharged, subject to prosecution on a valid indictment or information for manslaughter.

[5] Appellant contends that defendant is estopped to set up the plea of autrefois acquit, because he applied for and obtained a new trial. In support of its contention, appellant cites Const. of 1921, art. 1, § 9, providing, in part, as follows, viz.:

"* * * Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained."

The contention cannot be sustained. Inasmuch as we have concluded the finding of the jury in this case was, in legal effect, an acquittal of the defendant of the crime charged, it follows, as a necessary consequence, that the verdict fixed his substantial rights. His most substantial right, perhaps, is the one which, under the Constitution of the state, he became invested by his acquittal to plead as a defense that he cannot be put in jeopardy twice for the same crime.

The provisions of the Constitution limiting the plea of former jeopardy to those cases only where there has been no application for a new trial, no mistrial and no motion in arrest of judgment can have no application to a case of this kind. If there is a mistrial, the defendant's life or liberty may be put in jeopardy again for the crime charged in the indictment or information. If a verdict is set aside on a motion either for a new trial or in arrest of judgment, the defendant's life or liberty may be put in jeopardy again for the crime which he was illegally convicted of, but not for a crime which he was acquitted of by the verdict; otherwise, a defendant charged with murder and convicted of manslaughter could not file a motion for a new trial or in arrest of judgment without putting his life and liberty in jeopardy again for the crime of murder.

For the reasons assigned, the judgment appealed from is affirmed.

LAND, BRUNOT, and THOMPSON, JJ., dissent.