## No. 1173.

### THE STATE OF LOUISIANA VS. ALFRED HUMPHRIES.

The State can appeal from a judgment quashing an indictment before trial,, when the offence charged is punishable capitally or at hard labor.

Sec. 790 Rev. Stats. denounces as a crime the shooting, etc., any person with murderous intent, whether done while lying in wait, or while perpetrating arson, etc. The circumstances under which the shooting was done may be either those of lying in wait, or perpetrating other named crimes, and an indictment charging the shooting under either will be good.

An error in date of the term of court at which the indictment was found may be corrected with leave of the court.

The insertion in the indictment of the words "with a dangerous weapon " is not essential, where all the ingredients of the crime that are set out, necessarily imply the use of a dangerous weapon.

APPEAL from the Twelfth District Court, Parish of Rapides.   *Barbin*, J.

---

*E. G. Hunter*, District Attorney, for the State, Appellee.

*M. C. Mosely* and *R. P. Hunter* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. A motion to dismiss was filed on the ground that the State cannot appeal from a judgment adverse to her in a criminal case, but it is abandoned, the decision of State vs. Taylor, 34 Ann. 978, having settled the contrary where the appeal is from a judgment quashing the indictment before trial, and the offence charged is punishable capitally or with imprisonment at hard labor.

The indictment is based on Rev. Stats. Sec. 790: If any person lying in wait, *or* in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary, shall shoot, stab, or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall on conviction thereof be punished with death.

The statute denounces as a crime the shooting, etc., any person with murderous intent while lying in wait for him, or shooting with such intent while perpetrating arson, etc. The circumstances under which the shooting was done may be either as mentioned in the one clause or the other. If done under either and the offence is thus charged, the indictment is good.

The indictment charged that the prisoner "did wilfully, feloniously, and of his malice aforethought, while lying in wait shoot one William Norwood in the peace of the State then and there being with the intent then and there him the said Norwood to kill and murder, etc."

The motion to quash is on five grounds:

1. That the indictment does not charge him with having committed any offence known to the law of this State.

2. That the indictment is fatally defective for duplicity in charging parts of several crimes in one count, which are punishable under different Statutes.

3. That the indictment is fatally defective in charging that the offence was committed on the 28th day of December, 1881, and was found by a grand jury which met on the 3d Monday of October, 1881.

4. That if the indictment is based on Act No. 24 of 1882, amending Article 790 of the Revised Statutes, it is unconstitutional, null and void and cannot apply to an offence said to have been committed prior to the passage of the Statute.

5. That the offence alleged is barred by the lapse of twelve months, which prescription the accused expressly pleads.

They are insufficient. The first and second grounds are disposed of by citing the Section of the Revised Statutes already set out, and the third is founded upon a clerical error which stated the finding of the

indictment to have been in Oct. 1881, when it should have been 1882, an error which was properly corrected with leave of the court. The fourth ground is answered by the statement that the indictment is not based on the Act of 1882, and the fifth by computing the time from Dec. 1881 to Oct. 1882.

It is urged in the defendant's brief that the omission from the indictment of the statutory words, " with a dangerous weapon," is of such moment as to be fatal. Shooting a person wilfully, while lying in wait for the victim, with intent to kill him cannot be done without a dangerous weapon. All the ingredients of the crime—the wilful shooting, the waiting for the opportunity, the murderous intent—presuppose and imply the use of a dangerous weapon. The employment of those words in the indictment is not sacramental.

Niceties in judicial construction of criminal statutes, such as that urged upon us here, were deplored by Lord Hale more than two centuries ago when he wisely and feelingly said, " that the strictness required in indictments had grown to be a blemish and inconvenience in the law and the administration thereof; and that more offenders escape by the over easy ear given to exceptions to indictments than by the manifestation of their innocence, and that the greatest crimes had gone unpunished by reason of these unseemly niceties."

The lower Judge sustained the motion to quash which we reverse, and therefore

It is ordered and decreed that the judgment of the court below is avoided and reversed, and the cause is remanded to be proceeded with in due course of law, the defendant to pay the costs of this appeal.