State vs. Burdon.

---

No. 9634.

THE STATE OF LOUISIANA VS. D. F. BURDON AND J. F. BURDON.

In criminal cases, all the essential facts must be found by a special verdict, in order to enable the court to give a judgment of law upon the matter in issue. Nothing is to be taken by the court by implication or intendment. What is not found is supposed not to exist.

Hence, in a trial under a statute which denounces the offense of "receiving or buying any goods or chattels that shall be feloniously taken or stolen from any other person, knowing the same to have been so stolen or taken," a verdict of "Guilty of knowingly receiving stolen property" does not contain the legal requirement touching the intent with which the goods were received by the accused, and it cannot therefore be the basis of a legal sentence.

APPEAL from the Criminal District Court for the Parish of Orleans, Baker, J.

---

M. J. Cunningham, Attorney General, and Lionel Adams, District Attorney, for the State, Appellee:

1. In an indictment charging the defendant with receiving stolen property, under Sec. 832, R. S., a verdict finding the accused guilty of "knowingly receiving stolen property," is legal.

2. Guilty knowledge is of the essence of the crime. Bishop Cr. Prac.Vol, II., § 906; Wharton Cr. L. §§ 983, 989; Wharton Cr. Ev. § 164; Desty Cr. L, 147, a.

3. In such a verdict, the use of the adverb "knowingly" "modifies" the verb in a particular sense and makes it more correctly descriptive of the offense.

4. Such a verdict is not a special one, not being a statement of facts. It is a finding or conclusion of law deduced from a certain state of facts.

*W. R. Whitaker* and *C. H. Luzenberg* for Defendants and Appellants:

"A jury have a right in all criminal cases to find a special verdict. Such a verdict must state positively the facts themselves, and not merely the evidence adduced to prove them; and all the facts necessary to enable the court to give judgment must be found, *for the court cannot supply by any intendment or implication any defect in the statement.*" 1 Chitty Cr. L. 645; State vs. Ritchie, 3 Ann. 512; State vs. Foster, 7 Ann. 256; State vs. Davis, 20 Ann. 354; State vs. Foster and Davis, 36 Ann. 857; State vs. P. C. Peters, 37 Ann. 730.

"Guilty of knowingly receiving stolen property" finds the defendants guilty of no crime known to the law of this State.

Silence of the jury as to one count in an information containing two counts, is an acquittal as to that count. Proffat on Jury Trial, § 425; 2 Virg. Cas. 235.

The opinion of the Court was delivered by

Poché, J. On trial of the defendants under two counts—for grand larceny and for receiving and having stolen goods, knowing the same to have been feloniously stolen—the jury returned the following verdict: "Guilty of knowingly receiving stolen property."

The defendants appeal from the judge's refusal to sustain their motion in arrest of judgment, which was based on the ground:

"That said verdict is a special verdict; that it is a finding solely as to facts; that it is complete in itself; that it finds no offense known to the law of this State, and that no judgment can be pronounced upon it."

Section 832 of the Revised Statutes, under which the charge was framed, reads:

"Whoever shall receive or buy any goods or chattels that shall be feloniously taken or stolen from any other person, knowing the same to have been so taken or stolen," * * *

It is clear that the essence of the crime denounced by the statute is the act of receiving stolen property with the guilty knowledge that the same had been stolen, and with the guilty intent of thus receiving it with the design of appropriating the same, to the detriment and injury of the true owner.

To receive the stolen property, knowing the same to have been stolen, with the design of seeking out the true owner and to deliver the same to him, would certainly not constitute an offense under the meaning of the statute, no more than would be the act of a court officer who receives in custody stolen property, knowing the same to have

been stolen, for the purpose of producing the same in court at the trial of the accused.

The language used in the verdict may reasonably be construed to designate either or both of these manners of receiving stolen property, but unexplained and unaided by surrounding circumstances and by the possible meaning of the jury, it does not necessarily convey the idea that the jury had found that the accused had knowingly received stolen property with the guilty design of appropriating it and of thus depriving the true owner of the same.

In default of that essential declaration flowing clearly from the language used in the verdict, the finding of the jury does not present an offense known to the laws of Louisiana. Hence, the point made by defendants' counsel was well taken.

In construing the true import and meaning of doubtful verdicts, the rule is that "all the essential facts must be found by a special verdict, in order to enable the court to give a judgment of law upon the matter in issue. Nothing is to be taken by the court by implication or intendment. What is not found is supposed not to exist." Proffat on Jury Trial, § 436.

In keeping with that principle this Court has made the following rulings, which are unquestionable precedents for the conclusion which we have adopted in this case:

In State vs. Ritchie, 3 Ann. 512, a verdict on a charge of kidnapping a slave of another party, who was then and there deprived of the use and benefit of said slave, the verdict was set aside because the jury found the accused guilty "of carrying away and disposing of the negro 'A,' the property of 'B,'" without the statement that the owner had then and there been deprived of the use and benefit of his said slave·

In Davis' case, 20 Ann. 354, the verdict was found insufficient, because the jury found the defendant "guilty for keeping a banking-game or gambling house," under a statute which denounced the crime of "keeping a banking-game or gambling house, at which money or anything representing money, or any article of value, shall be bet or hazarded," * * *

The verdict of the jury in the case of Davis and Foster, 36 Ann. 857, was for similar reasons set aside. On a trial for murder the verdict read: "Both guilty of capital punishment." See also, State vs. Peters, 37 Ann. 730.

It is therefore ordered that the verdict of the jury and the sentence of the court be annulled, avoided and reversed, and that the cause be remanded to the lower court for a new trial according to law.