No. 9692.

THE STATE OF LOUISIANA VS. T. M. SMITH.

A verdict (on an information containing two counts) in these words, " *Guilty—with intent to murder*," being responsive to the first count, is not defective for not containing the words : *with a dangerous weapon*, which are necessarily implied.

APPEAL from the Criminal District Court, Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney for the State, Appellee.

*Jas. C. Walker* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was prosecuted on two counts :

1. Shooting with intent to murder.

2. Inflicting a wound less than mayhem.

The jury returned a verdict in the following words :

" Guilty—shooting with intent to murder."

On that verdict the defendant was sentenced to three years at hard labor. He appeals.

He contends here that the verdict is special, and to cover the first count of the information should express : *either* that the accused was guilty of shooting and wounding with a dangerous weapon with intent to murder, or that the accused was guilty of shooting Louis Smith with a dangerous weapon with intent to murder.

The complaint is therefore simply : That the verdict is defective for not containing the words : *with a dangerous weapon*, which are necessary to complete it.

This Court has held, that an *information* for assault by willfully shooting need not allege that the shooting was done " with a dangerous weapon," saying : " The common sense of prosecuting officers, judges and juries may be relied on to protect persons from imprisonment in the penitentiary for shooting with pop-guns, or like innocent playthings." State vs. Cognovitch. 34 Ann. 529.

If the words be not essential in an information, *a fortiori*, need they not be included in a verdict of " Guilty—shooting with intent to murder ;" where the information specifically sets forth that the accused, " with a certain dangerous weapon, to wit : a pistol, feloniously did shoot one Louis Smith, with intent then and thereby, feloniously, wilfully and of his malice aforethought, to kill and murder the said Louis Smith.

As the information contains two counts it was necessary for the jury, as they found the accused not guilty on the second, to have, in their verdict of "guilty," added the words: "shooting with intent to murder," in order to show that they found him guilty, as charged under the first count. 1 Bishop on Cr. Proc., §1005, a.

The Court, in this case, could pass sentence without supplying by intendment or strained implication that the shooting was done with a dangerous weapon.

Judgment affirmed.