State vs. French.

---

### No. 12,810.

### STATE OF LOUISIANA VS. A. B. FRENCH.

#### ON MOTION TO DISMISS THE APPEAL.

The State is entitled to an appeal from a ruling of the trial judge on a motion in arrest of judgment, sustaining the motion and setting aside the verdict. The order annulling the verdict was in character final, and if erroneous, caused injury.

#### ON THE MERITS.

The verdict was not responsive to the charge. It was a special verdict. If the jury chooses to designate the crime found by name, it should be defined by name having a meaning in criminal law, or defined in plain words covering all the essential ingredients of the crime.

No judgment can be pronounced on a partial verdict which fails to find the criminal intent, where intent is an essential ingredient of the crime.

In a special or partial verdict of the jury's selection, all the facts necessary to constitute the crime must be clearly stated. If the jury determines to leave out part of the language charged in the information, they should be particular not to omit essentials to constitute the crime.

A verdict " Guilty of wounding less than *mayhem*," is not responsive to an information charging that the accused has " feloniously, wilfully and maliciously inflicted a wound less than *mayhem*," and is not legal.

The court adheres to the decisions in State vs. Bellard, 50 An. —; and State vs. Hearsey, 50 An. —, overruling contrary views.

APPEAL from the Criminal District Court for the Parish of Orleans. Moise, J.

*M. J. Cunningham*, Attorney General, and *R. H. Marr*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellant.

*Farrar & Lemle* and *H. N. Gautier* for Defendant, Appellee.

Argued and submitted April 23, 1898.
Opinion handed down May 2, 1898.

The opinion of the court was delivered by

BREAUX, J.  The State in this case appealed from an order sustaining a motion in arrest of judgment.

The defendant was prosecuted upon an information containing two counts.  In one count he was charged with having stabbed with intent to murder.  In the other count with having wilfully and maliciously with a dangerous weapon inflicted a wound less than *mayhem*.

The verdict found was " Guilty of wounding less than *mayhem*."

In due time the defendant applied for the arrest of the judgment on the ground that the verdict was not responsive to any of the offences charged or counts contained in the information, which, as before stated, the trial court sustained.

### MOTION TO DISMISS THE APPEAL.

The defendant in this count moved to dismiss the appeal for the reason that the court's ruling, sustaining defendant's motion in arrest of judgment was not a final judgment.

The judgment or ruling in our judgment operated prejudicially to

the State, if the position of the prosecution be correct; and, in addition as related to the verdict returned by the jury, it finally disposed of the question involved.

There remained nothing save the sentence. If an error of law has been committed by the trial judge in a matter purely of law, it would, in our view, be prejudicial to the proper administration of justice to let it remain unreversed.

The question is not *res nova*. It received the attention of this court in the case of State vs. Brabston, 38 An. 144.

The defendant concedes that this decision is not favorable to his motion to dismiss the appeal. That decision does not, in our view, stand alone. The question was considered in State vs. Cason, 20 An. 48, in which it was held that the right of appeal on questions of law, in criminal cases, is not so restricted as to warrant the denial of an appeal to the State from a ruling sustaining a motion in arrest of judgment.

The same question arose in the case of State vs. Robinson, 37 An. 675. The court in the last cited case reconsidered the decisions and reaffirmed the right, citing State vs. Ellis, 12 An. 390; State vs. Ross, 14 An. 364; State vs. Taylor, 34 An. 978.

There is no question here of an acquittal by the jury. It was a matter in which the judge alone acted. This distinction has been observed in a number of cases holding that the province of the jury is not infringed upon by the orders and judgment of the court of the first instance, not connected with the facts showing the guilt or innocence of the accused.

The defectiveness *vel non* of the jury's verdict, presents questions of law, and as such they are reviewable when they come up, as in this case, on a motion in arrest of judgment, setting aside the verdict of a jury.

The judge is without authority to annul a legal verdict by arresting the judgment.

The State, in case it be attempted, is not without remedy on appeal.

The appeal is, therefore, not dismissed.

## ON THE MERITS.

The defendant avers that the verdict " Guilty of Wounding less than *Mayhem* " is not responsive to the offences charged in the information.

In the first place, it is evident that the verdict was not a general verdict, but one that the jury found without special reference to the offence charged in either count of the information. It was a verdict of their own selection. They had been instructed by tne court regarding the form of the verdict, as follows:

Ycu may render one of five verdicts.

1. " You may find the prisoner at the bar ' Guilty as charged in the first count of the information.'

2. " You may find him ' Guilty of stabbing with a dangerous weapon with intent to kill,' as charged in the first count.

3. " You may find him ' Guilty, as charged in the second count.'

4. " You may find him 'Not guilty,' or

5. " You may find him ' Not guilty, on the ground of insanity.'

" If you find the defendant was insane at the time of the commission of the act, you should qualify your verdict of ' Not guilty ' by the addition of the phrase ' on the ground of insanity.' "

The jury did not follow the instruction. It was within their power to find a particular verdict in language of their own, and if it had covered an offence denounced by the statute, or an offence of a lower degree, included under the terms and conditions of the offence charged, it would have been a sufficient verdict.

Taking an example of the most ordinary sort, the charge being murder, the jury may find the defendant guilty of manslaughter; or, the charge being burglary, if larceny only be proven, the accused may be found guilty of larceny; so in all cases of offence of less degree of the same class.

But the finding of the jury in such cases must be of an offence complete in itself. The offence must be completely stated. No valid judgment can be pronounced upon the partial verdict which fails to find the ingredients essential to constitute the crime.

To illustrate by another example of a familiar kind: if a jury were to return in court that an accused was guilty of taking the goods of another without any intimation as to the asportation and appropriation of the goods, it is useless to state that the finding would be void. Not so, if they were to return that he is guilty of larceny, for that word embraces all the ingredients essential to constitute the crime of stealing. Larceny, manslaughter, and other words denoting crimes, have a well defined meaning. They are in themselves a definition; no one can be misled, or there need not be the least confu-

sion when these names are made use of.   If the jury undertakes to define the crime, it should be by a name in which there can arise no confusion or ambiguity, or if it is not identifiable by a well-known name, then the description should include the essentials to constitute the crime.

In one case in this State the court went to the extreme of holding that only a general verdict could, under the law, be found.   State vs. Jurche, 17 An. 71.

That limit properly, has not always been observed.   Special and particular verdicts may be found with the understanding that the name of the crime when it has a name, or the facts when it has not, necessary to constitute the crime, are fully and explicitly stated.

The court can not supply the facts necessary to constitute the crime.   2 Hawkins, P. C. 622; State vs. Blue, 84 N. C. 809.

" The omission of any fact necessary to constitute the offence is fatal."   3 Wharton on Criminal Law, Sec. 3188.   Where " intent " is one of the essential ingredients of the crime, it must be found in a special verdict in order to sustain a judgment.   The crime denounced in the case before us for decision we have seen includes " intent " as an essential ingredient.

No one unless acting wilfully and maliciously with intent is guilty of inflicting a wound less than *mayhem*.

In our view the verdict was defective; it failed to find the criminal intent.   It is defective whether construed as a special or a partial verdict.   In a very recent case this court held that it was not permissible to go beyond the words used by the jury in matters essential to the finding that a crime has been committed by the accused. State vs. Bellard, *ante*, p. —, this volume.

In another, also a case recently decided, State vs. Hearsey, *ante*, p. —, this volume, the court extended the rules of practice much further than there is any necessity of extending it in the case here.

The rule applying is sustained by a number of well-considered decisions, notably the cases of State vs. Buzzo, 18 Wallace, 125, and State vs. Burdon, 38 An. 357.

In the former the court said, in construing a special verdict, the intention is of the essence of the crime and is not found by the special verdict; no judgment can be entered on the verdict.   And in the latter case cited, the court in substance, with reference to the finding of a jury, said: " What is not found is not supposed to exist."

30

Citing State vs. Ritchie, 3 An. 512. There are views not in accord with those we have here expressed. The prosecuting officers have directed our attention to them, and particularly to the case of State vs. Mason, 42 An. 715.

For the reasons before stated we can not adhere to the decision in the Mason case. We are constrained to adhere to decisions we before cited. We think they are correct in law.

It is therefore ordered and decreed that the judgment appealed from is affirmed.