No. 12,853.

STATE OF LOUISIANA VS. THOMAS O'LEARY.

The verdict guilty of shooting with intent to kill, on an indictment for shooting with a dangerous weapon with intent to kill and murder, necessarily implies shooting with a dangerous weapon charged in the indictment, and the express words not in the verdict, are supplied by the implication. State vs. Smith, 38 An. 479; 34 An. 529; 1 Bishop's Criminal Procedure, Sec. 1005.

The verdict is to be deemed a conviction for the offence of shooting with intent to kill included in the offence the indictment charges. Acts No. 43 and No. 44 of 1890; 49 An. 1011.

A PPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*M. J. Cunningham*, Attorney General, and *R. H. Marr*, District Attorney, for Plaintiff, Appellee.

*J. Q. Flynn* for Defendant, Appellant.

Submitted on briefs June 4, 1898.
Opinion handed down June 22, 1898.

The opinion of the court was delivered by

MILLER, J.   The accused appeals from the sentence on the conviction for shooting with a dangerous weapon with intent to kill and murder.

On the rule for a new trial the ground was taken that the District Attorney in his argument commented on a previous trial of the accused for another offence.   We find in the record no bill of exception presenting the question and can not notice it.

The motion in arrest of judgment is based on the ground the verdict is not responsive to the charge and states no crime known to the laws.   The offence for which the accused was indicted is shooting with a dangerous weapon with intent to kill and murder.   R. S. Sec. 792; Acts Nos. 38 and 44 of 1890.   The verdict is guilty of shooting with intent to kill.   The verdict, it is contended, is defective because it omits the words with a dangerous weapon.   The argument treats the verdict as special, and defective because not stating all the essentials of the offence.   While we recognize that special verdicts

41

must embody the ingredients of the offence, it is equally true that verdicts will not be construed as special in their character, when on a fair construction they respond to the indictment as finding the accused guilty of the crime charged, or what, in legal effect, is the same, guilty of the crime included in that charged. The indictment charges the accused with shooting with a dangerous weapon, to-wit, a pistol, with the felonious intent, him, the said M. F., to kill and murder. The verdict guilty of shooting with intent to kill must be deemed to imply with as much force as if expressed, with a danger-ous weapon. The verdicts of juries, as it is put by one of the lead-ing text writers, are framed by laymen; need not be couched in technical form; any words that convey the idea to the common un-derstanding will be deemed adequate, and all fair intendments will be made to support the verdict. 1 Bishop Criminal Procedure, Sec. 1005. Our predecessors sustained the verdict on the same statute in the form of that here, against the objection there made, that the verdict did not contain the words, with a dangerous weapon, deemed implied. State vs. Smith, 38 An. 479; State vs. Cognovitch, 34 An. 529. The intent to kill is the less serious intent embraced in the statute and in the indictment. The verdict is in effect guilty of shooting with a dangerous weapon with intent to kill, not a special verdict but responsive to the indictment.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.

NICHOLLS, C. J., dissents.