State vs. Broussard.

---

No. 14,220.

STATE OF LOUISIANA VS. EUGENE BROUSSARD.

SYLLABUS.

1. While "with a dangerous weapon" is part of the definition of Sections 790. 791, 793, Revised Statutes, and Act 44 of 1890, the use of the words, "shooting with intent to kill and murder" necessarily supplies the words "with a dangerous weapon." Shooting with intent to kill and murder adds to the sentence, by its meaning, the words "with a dangerous weapon," as one cannot shoot with such an intent as conveyed by the statute without the use of a firearm.

2. The word "intention," as used in the indictment, is accepted as a sufficient substitute for the word "intent" of the statute.

A PPEAL from Eighteenth Judicial District, Parish of Acadia—
*DeBaillon, J.*

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney, (*Lewis Guion,* of Counsel) for Plaintiff, Appellee.

*Story & Pugh,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant was indicted for shooting with the "intention" to commit murder. He stood his trial and was convicted by a jury and sentenced by the Court to twelve years hard labor.

In his motion in arrest of judgment, which brings up the questions before us for decision he complained of the indictment for not showing that the wound he is charged with having inflicted was inflicted with a dangerous weapon and that no weapon is mentioned in the indictmet.

The objection is also urged in defense that the use of the word "intention" instead of "intent" in the indictment is a fatal error. The motion in arrest having been overruled by the District Court a bill of exception was taken. The question before us is not a new question in this State. We substantially agree with the learned counsel for the defendant that the essential facts must be directly and substantially alleged, that nothing should be brought into the charge preferred by intendment or inference. But that this carries with it the necessity of quashing and setting aside an indictment because it does not contain special reference to the dangerous weapon with which the crime was committed is a proposition to which this court is not prepared to assent, in view of the fact that in at least two cases which have the appearance of being well considered cases, it was decided that the omission is not fatal to the indictment.

The act of shooting has always been held to include a dangerous weapon as having been used in shooting. While it is well settled that the indictment shall state everything necessary to constitute the offence. and this with certainty, this court has always held that the act of shooting sufficiently describes the offence as having been committed with a shooting instrument. The definition in the sense set forth in the

statute is inseparably associated with shooting with a firearm. This is the view heretofore expressed and and from which we find no occasion to disagree, as it seems to have stood the test of time and experience.

The prosecution was, in the first case cited *infra,* as in the case in hand, under Sec. 791 of the Revised Statutes, which makes a crime the willful shooting with intent to murder. The court said in substance, that the words shooting with intent to murder rendered it unnecessary to add the words "with a dangerous weapon." The court states with great confidence that the words "with a dangerous weapon" would have been avoided had the acts made crimes by Sec. 791 been limited to shooting. But that "stabbing," "thrusting," "cutting" and "striking," or other acts denounced and which may be committed without firearms, declared the court, "with a dangerous weapon' were used because needful in making these acts crimes, but as relates to the former the act of shooting without additional words when shooting is done in the meaning of the statute it is always with a firearm.

We are not inclined to differ from this view. In State vs. Mosely & Anthony, 42 Ann. 975, the court found confirmation of its views in State vs. Cognovitch, 34 Ann. 529, and took occasion to comment at some length upon the case of State vs. Humphries, 35 Ann. 966, saying that the indictment was preferred under Sec. 790 of the Revised Statutes and omitted the words with a dangerous weapon, although required by this section. The Court approvingly quotes from this decision and affirms it as being an entirely correct exposition of the law upon the subject. Shooting a person while lying in wait (said this Court) for the victim, with intent to kill, cannot be done without a dangerous weapon. All the ingredients of the crime, the willful shooting, the waiting for the opportunity, the murderous intent, all presuppose and imply the use of a dangerous weapon. The use of the words in the indictment is not sacramental.

There is no question but that it was the well settled intention of the court (in the cases cited) to hold the indictment good in law when preferred for shooting under the statute under which this defendant was indicted and found guilty. The court, in the case cited (42 Ann. 795), went to the extent of treating the two "shooting" and "shooting with a dangerous weapon" as mere repetition. "Tautology is useless and even if used in the statute need not be perpetuated in the indictment," an extreme view which perhaps serves to make clear the court's meaning.

State vs. Broussard.

We will not go to the extent of holding that it would have been mere tautology to use both the "shooting" and "the dangerous weapon." We think that prosecuting officers should use the language of the statute, yet in this case we find it possible to conclude that the shooting charged must have been by means of a deadly weapon, that this word "shooting" adds to the sentence words which the painstaking and vigilant prosecuting officer failed in this instance to insert.

The Bellard Case, 50 Ann. 594, to which learned counsel has invited our attention in his brief and in his argument at the bar, does not sustain defendant's contention. The Court said in that case, "We cannot read the verdict as guilty of striking with a dangerous weapon when the verdict is simply guilty of striking" for the very good reason doubtless that it does not follow that one guilty of striking is guilty of striking with a dangerous weapon, different in this respect from shooting, which must be, as the court has heretofore decided, with a fire arm.

Having disposed of this point, we pass to the next proposition before us for decision, viz: that "intention," the word used in the indictment, is not equivalent to the word "intent" used in the statute. We are informed by Mr. Bishop in his New Criminal Procedure, Vol. 2, p. 81, that the word "intention" has been accepted as a substitute for "intent" in an indictment. The learned commentator adds in a note that if the indictment was defective from this cause, it was cured by a statute upon the subject, but none the less he says that the substitute word is not error. Consulting the definition of the word as defined in the different dictionaries, we find that intention is as strong a word in meaning as intent. It expresses a stretching or bending of the mind toward an object even more forcibly than the word "intent." It is from the same root and has as direct and strong a meaning. If one shoots with the intention of killing he must be held as guilty as if he had shot with intent to kill. A word of meaning at least equivalent beyond all question with another can be used as a substitute.

This brings our review of this case to a close. We have not found the grounds forcibly urged in the defence reason to disturb the verdict and sentence.

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed.

Rehearing refused.