No. 14,100.

STATE OF LOUISIANA vs. MOSES AND TAYLOR WASHINGTON.

SYLLABUS.

1.  The return of a jury in a criminal case should, with some reasonable certainty, identify the act charged to have been committed by the defendant with the statute under which· he is found guilty.  A verdict must accord with the terms of a violated statute.  10 A. 191: 35 A. 729 ; 36 A. 857 ; 40 A. 200.  Courts should not go beyond words of the verdict.  50 A. 595 : 34 A. 529 ; 38 A. 479.  The essential facts must be found by the special or what is termed by commentators, a partial verdict.  48th Ann. 1071. In the decision upon which, not without ground, the defendants place reli-

ance, it is said: "The special or partial verdict must contain the elements of the crime." State vs. Vance, 49th Ann. 1011. *Held,* that the verdict, whether considered as a verdict known as partial or special, does not contain the elements of the crime.

2. The charge was shooting with intent to kill or murder. The trial judge properly refused to instruct the jury that the accused could be found guilty of assault, or of assault and battery. State vs. Robertson, 48th Ann. 106.

3. The maxim*falsus in uno, falsus in omnibus* is properly, in its application, left to the jury. Witnesses, Rapalje, p. 319, State vs. Banks, 40th Ann. 739.

4. One indicted for having been present, aiding and abetting may, under special statute, be found guilty as principal. State vs. Littell, 45 Ann. 655.

5. A new trial granted on defendants' motion reopens the whole case, and has the effect of disposing of the plea of *autrefois acquit.*

A PPEAL from the Twenty-Seventh Judicial District, Parish of Assumption.—*Leche, J.*

———————

*Walter Guion,* Attorney General, and *G. A. Gondran,* District Attorney (*Lewis Guion* and *John Marks,* of Counsel) for Plaintiff, Appelee.

———————

*Beattie & Beattie,* for Defendants, Appellants.

———————

The opinion of the court was delivered by

BREAUX, J. The accused appeal from the verdict of a jury and the sentence and judgment of the court condemning them to be imprisoned at hard labor for the term of eighteen months.

The information charged Taylor Washington with having shot one Luca Briole with intent to kill and murder, and Moses Washington with having aided and abetted Taylor Washington in committing the crime charged.

They were put on their trial. After having heard the evidence, and after having deliberated, the jury came into court and offered to return a verdict of "guilty with intent to kill." This verdict was handed to the judge, who, after having read it, returned it to the jury, saying to them at the time that it was not a legal verdict, because it was not responsive to the charge. He ordered the jury to return to their room of deliberation in order to find a verdict.

Counsel for defendant reserved a bill of exceptions to the court's ruling, on the ground that the return was a legal verdict. When the

jury came back, after having deliberated as directed by the court, they brought a verdict of guilty.

Upon defendants' motion, this verdict was set aside by the court and the case ordered for new trial on the 1st of August, 1901. On that day defendants filed their pleas of former jeopardy and *autrefois acquit*. The following evidence was submitted on the trial of this plea: First, a copy of the verdict of the jury, brought into court on the 22nd of July, which the court would not accept, and which reads "guilty with intent to kill"; second, the verdict which was accepted by the court, which had been returned by the jury after the judge had refused to accept the first return; third, defendants' motion for a new trial, filed July 25th, 1901, and the copy of the court's ruling thereon ordering a new trial.

The court overruled the plea of former jeopardy and *autrefois acquit,* and assigned for reason that defendants had waived the pleas of former jeopardy and *autrefois acquit* by moving for a new trial, which had been granted. After the plea of former jeopardy had been overruled, the case was called, and the defendants, a second time, were put on their trial. They were found "guilty of shooting with a dangerous weapon with intent to kill." This verdict was accepted by the court and the parties were sentenced to serve as before mentioned.

Moses Washington moved the court in arrest of judgment on the ground that no valid verdict had been found against him and that the verdict as found, being special, does not find him guilty of any act charged in the indictment.

In the first place, able counsel for the defendants urge that the first verdict returned into court, which read as follows, "guilty with intent to kill," was legal and that it should have been accepted by the court; that this verdict not having been accepted by the court, the proceedings held afterwards were of no legal effect, and that the accused was entitled to his plea of former jeopardy and to his discharge.

We have given the question to which the first return of the jury has given rise our most careful consideration, and have not found it possible to arrive at the conclusion that it was a legal verdict. The statute under which the information was drafted is the statute No. 43 of the Acts of 1890. But we take it the jury found the accused guilty of a crime denounced in Statute 44 of the same year, a crime less in magnitude than that denounced in Statute 43. The verdict which the jury had returned, "guilty with intent to kill," and which

the defendants claim as legal was vague and uncertain. The statute under which we assume this verdict was found reads: "Whoever shall shoot, stab, cut, strike, or thrust any person with a dangerous weapon, with intent to kill," etc. We have just seen that the information was drawn under another and different statute than that just referred to and that under which the verdict was found. It is obvious that the accused could only have been held under the verdict to the extent that they were found guilty of a crime with some degree of certainty under the statute from which we have quoted. A close examination of this verdict discloses that it totally failed to find the defendant guilty of any crime. "Guilty with intent to kill," when considered with reference to the statute, may mean that the jury intended to find the accused guilty with intent to kill without reference to any particular act or attempt on their part. Of course, the jury intended no such absurdity; none the less, no particular act informed against in the bill of information is lacking as relates to averment.

Conceding, however, that they had this statute in view when they framed the verdict, and that it should be interpreted with reference to that statute, what is the result? "Guilty with intent to kill." Guilty of what, with intent to kill? If an attempt be made to construe the return with reference to the statute, it may mean shooting with intent to kill, or thrusting with a dangerous weapon with intent to kill. In fine, it may be construed as guilty of any act with intent to kill, whether in Statute 44 of 1890, or any other. The verdict convicted the accused of no offense known to the law as charged in the information. For the reasons hereafter stated, we have been slow to arrive at this conclusion and even now we take occasion to say that if able and energetic counsel will only point out by reference to the return of the jury, "Guilty with intent to kill," as made, how is it possible to construe this verdict with any degree of certainty as to the crime committed, we will not hesitate in setting aside our ruling on the point.

In reviewing the authorities, we begin with one of the early decisions in which this court held, through Justice Spofford, as the organ of the court, that a verdict for a statutory offense not charged in the indictment must accord with the terms of the statute under which it (the verdict) is returned. State vs. Pratt, 10 Ann. 191.

In another decision the court insisted that there should be some conformity with the statute under which a verdict is returned. State vs. Murdock, 35th Ann. 729.

The court inveighed against a verdict in language which may be said to have been censorious because of the uncertainty of the return. State vs. Foster and Davis, 36 Ann. 857.

The court said that the jury had failed properly to return that a particular crime had been committed and reversed the verdict. State vs. Allen, 40 Ann. 200.

The late Mr. Justice Miller, for whose judgment we entertain the greatest respect, as the organ of this court was equally as pronounced. "We are forbidden, in construing the verdict, *to go beyond the words* used by the jury, giving to the words their natural significance;" that is, "we cannot read the verdict as guilty of striking with a dangerous weapon, when the verdict is simply guilty of striking," citing a number of decisions and the opinion of an eminent commentator upon the subject. State vs. Ballard, 50 A. 595. (Italics ours.)

The defendants seek, in the first place, to sustain their position by citing a decision in which the court held that the information followed the words of the statute. A more thorough compliance with a statute is not possible than was done in this cited case by defendants. State vs. Cognovitch, 34th Ann. 529.

Appreciating the strength of the defense, and moved by the zeal and earnestness of diligent counsel, we have carefully reviewed each of the decisions cited upon the point, and this brings us to a decision cited by defendant's counsel, holding that "guilty of shooting with intent to murder" is a valid finding, as it *found the accused guilty as charged* under the first count. State vs. Smith, 38th Ann. 479. This return. it will be noted, identified sufficiently the charge with the statute which made shooting with intent to murder a crime

In another decision cited on the part of the defendant it was said: "If the indictment be for a statutory crime, the essential fact will have to be found necessarily present" in the verdict. State vs. Robertson, 48th Ann. 1071

We are brought to the last case cited, the Vance case, in the 49th Annual. in which the return of the jury was similar to the return in the case before us for decision. The decision is invoked with confidence by the defendants. but even in this decision we find the following: "The verdict, when special, must, of course, contain the elements of an offense" (Bishop's Crim. Law, 1006) "and that is also our view." With reference to this last cited case, we can only repeat that which was said in substance in the Linigan case, 46th Ann., 1123.

State vs. Washington.

The authority of the Vance case on the particular point involved must yield. It cannot stand the test close study and experience will require.

A verdict for the State has no more weight as a precedent than the verdict for the accused. Each is weighed and considered in the same light, and the mere fact that in the Vance case the ruling was made on an appeal on behalf of the State gives it no special weight, if it does not identify the offense, or contain all needful elements of the crime.

We will not discuss the question as to whether the court has the right to require an incomplete verdict perfected. If the verdict was not legal, there was only one alternative; that was to direct the jury to return to their chamber of deliberation and find and return a legal verdict. The first bill of exceptions taken to the judge's charge brings up the following questions.

During the course of the trial, while the judge was delivering his charge to the jury, he was requested to instruct the jury that, under the charge of shooting with a dangerous weapon with intent to kill and murder, the jury was authorized to find the accused guilty of assault and battery, or guilty of assault. The judge refused thus to instruct the jury. The defendants reserved a bill of exceptions. This refusal is sustained by a recent decision on the ground, briefly stated, that "the verdict would enter into regions of uncertainty" as to whether the accused was guilty of the specific crime charged, "or any of the specific minor offenses." Support for this position was found in 35th Ann. 729 and 10 Ann. 191. It follows that this ground cannot be sustained. The defendants' case finds no support in the decision just cited. State vs. Robertson, 48 Ann. 1071.

In one of the defendants' bills of exceptions, the defense asked the court to charge that a witness who swears falsely as to a material fact in the trial of the case is unworthy of belief, a rule expressed by the maxim *falsus in uno, falsus in omnibus*. The court refused the charge, and held that they (the jury) are the sole judges of the weight of the evidence and credibility of witnesses.

The facts are, as we are informed by the narrative of the bill of exceptions, that the witness, whose name is given, had sworn differently on the first trial from his testimony on the second trial, as shown by the testimony of the interpreter, and the purpose was to impeach the testimony of the witness. Generally a witness who is false is not to be believed, but, none the less, the question is in great part left to the jury, who are not to be held bound to disbelieve the witness, however

wilfully he may be false, for he may be corroborated in other portions of his testimony; and, after all, the question as to whether he is credible is a matter for the jury to determine, "who may, if they choose, yield entire credit to some of his statements and disbelieve others, crediting such part as they may deem auxiliary to the ascertainment of the truth."` Law of Witnesses, Rapalje, p. 319. State vs. Banks. 40 Ann. 739.

We pass to the next question before us for decision. It is the ground set forth in the motion to arrest the judgment in which one of the defendants claims his release, as we take it, because, as he contends, he is charged as an accessory, and a special verdict of guilty of shooting with a dangerous weapon acquits him.

The charge brought against him in the information is that he was "aiding, present, abetting, and assisting" the co-accused. The question is: Can he be found guilty as principal? This court had occasion to pass upon a similar issue. The indictment was precisely as in the case in hand. The court, citing 12th Ann. 390, and 10th Ann. 207, and especially referring to Acts of 1855, p. 149, Sec. 11, decided that the defendants are charged as principals, whether present, aiding, and abetting or personally committing the offense. This disposes of all the grounds raised, needful to be decided before framing the decree.

Recurring to the defense presented and conceding, for a moment, that the return of the jury, which we have decided was not a good return, was a valid return, we are then brought to the issue raised by the plea of former jeopardy and *autrefois acquit*. We take up this ground of objection and dispose of it, although it could well be left out.

The defendants, through counsel, on this point urge that, having taken a bill of exceptions to the court's action in refusing to accept the first verdict returned, "guilty with intent to kill," as before stated, a motion for a new trial to set aside the second return made by the jury presenting their verdict, because it was illegal, and accused had once been in jeopardy, did not have the effect for which the State contends.

It will be borne in mind that upon this motion a new trial was granted. Everything connected with the trial was set at large, and again, on their own motion, defendants stood upon their trial and asked to be acquitted of the charge brought. Manifestly, if the first return had been legal,- and the court had refused to accept it, the bar to a second prosecution would have been complete. But, in order that

the plea could have availed the defendant, it would have been necessary to persist in claiming his acquittal. He cannot, by his action, take part in bringing on another trial and then, if found guilty, invoke the plea of *autrefois acquit* grounded upon a return in a prior trial. The defendant must produce a record of acquittal. This he is unable to do, owing to the new trial granted on his motion. The provisions of the "Constitution of the United States and laws protecting a person from a second prosecution for the same offense will be enforced. But he must show a record." Bailey vs. The State, 26 Georgia, p. 280.

True, the defendants objected seasonably. But the new trial carried with it results by which they are bound. Had they been acquitted on the second trial, that would have been an end of the case. They have been found guilty; they cannot be heard to return to the condition existing prior to the trial.

"And when a person has been placed in actual jeopardy, the jeopardy cannot be repeated *without his consent,* whatever statute may exist on the subject." 1 Bish. Crim. Law, 1206, 5th Ed. This brings our review of the proceedings to an end. We have reviewed every point and we find no ground upon which the accused can be held acquitted or upon which to grant another trial.

For the reasons assigned, the judgment of the District Court is affirmed.

PROVOSTY, J., dissenting, handed down a separate opinion.

Rehearing refused.