PROVOSTY, J.
Defendant was indicted under section 841, Rev. St., which provides:
“Every person who shall, in the nighttime, willfully or maliciously set fire to or burn any house in which there shall be, at the time, some human being usually staying, lodging or residing at night, upon conviction thereof, .shall,” etc.
Section 1053, Rev. St., provides:
“If, on the trial of any person charged with any crime or misdemeanor, it shall appear to the jury upon the evidence that the defendant did not complete the offence charged, but that he was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that the defendant is not guilty of the crime or misdemeanor charged, but is guilty of an attempt to commit the same, and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting .to commit the particular felony or misdemeanor charged in the said indictment,” etc.
The jury brought in a verdict in these words:
“We, the jury, find the accused guilty of an attempt to burn dwelling house.”
Defendant moved for a new trial, and upon the new trial being refused,, moved in arrest of judgment upon the ground that the verdict was not responsive to the charge and was too vague to allow of any sentence being imposed. This motion was overruled, and defendant was sentenced to five years in the penitentiary, and he has appealed.
Manifestly, he has not been found guilty' of any crime. The attempt to bum a dwelling house is not a crime. Were it possible to eke out the verdict by intendment or implication, we could assume that the jury had found the defendant guilty of an attempt to commit arson either in the manner charged in the indictment, or in some other form. But in the verdict of a jury nothing can be taken by intendment. State v. Ritchie, 3 La. Ann. 511; State v. Peters, 37 La. Ann 730; State v. Burdon, 38 La. Ann. 357; State v. Bellard, 50 La. Ann. 594, 23 South. 504, 69 Am. St. Rep. 461; State v. Washington, 107 La. 298, 31 South. 638: Proffat on Jury Trial, § 436; 29 A. & E. Ency. of Law (2d Ed.) p. 1032. For the accused to have attempted to commit arson in any form it would be necessary that he should have acted feloniously, or, in the language of the several sections of the Revised Statutes denouncing arson in its various forms, “willfully or maliciously.” In the verdict the defendant is not found guilty of having acted with any criminal intent. For all that appears from the verdict, the house may have been his own, and his act in attempting to burn it may have been highly meritorious, as, for instance, to stamp out pestilence. Of course, we know, or we think we know, the contrary; but the verdict does not show it, and nothing is legally known in such a case except what is shown by the verdict.
The case of State v. May, 42 La. Ann. 82, 7 South. 60, cited in the brief filed in behalf of the state, is not in point. There the indictment was for rape, and the verdict was “Guilty of an assault with intent to commit rape” — a verdict entirely responsive.
Judgment and verdict set aside, and case remanded to be proceeded with according to law.