ST. PAUL, J.
The defendant was convicted of shooting with intent to kill and sentenced to the penitentiary.
I.
Bill No. 1 was taken to the refusal of the trial judge to permit counsel to ask the jurors on their voir dire whether, if the evidence showed that the accused had never been previously convicted of any felony or misdemeanor and was of good character, they would recommend suspension of .sentence, if the accused were found guilty. The trial judge would not allow the question as put, and would permit counsel to put the question only in such form as to inquire whether the juror would be willing to recommend suspension under the circumstances; and he then instructed the jury that it was within their province to recommend such suspension.
The trial judge ruled correctly. The manifest purpose of the question, as first put, was to commit the juror absolutely to a recommendation for a suspended sentence, whereas Act 74 of 1914 leaves it optional with the jury to recommend the suspension of the sentence.
II.
Bill No. 2 was taken to the refusal to permit the accused to ask a juror on his vdir dire what his verdict would be if he had any •reason to disbelieve the witnesses for the state and no reason to disbelieve the witnesses for the defense.
The trial judge properly excluded the question, which was purely hypothetical. He doubtless instructed the jury that they were judges of the credibility of the witnesses, and that the.accused was entitled to the benefit of the doubt; but an accused is not entitled to put before a juror on his voir dire an assumed state of facts and ask him what his verdict thereon would be. (
III.
Bill No. 5 was taken to the overruling of a motion in arrest of judgment on the ground that, whilst Act 44 of 1890 provides that “whoever shall shoot, stab, cut, strike or thrust any person with intent to kill shall be guilty of a crime,” etc., yet the information in this case omits to charge that the shooting was done with a dangerous weapon.
It has already been held three times by this court that in a charge of “shooting with intent to kill” it need not be charged that the shooting was done with a dangerous weapon, as the very fact of shooting with intent to kill necessarily implied the use of a dangerous weapon. State v. Humphries, 35 La. Ann. 966 ; State v. Mosely, 42 La. Ann. 976, 8 South. 470 ; State v. Broussard, 107 La. 189, 31 South. 637.
We see no reason to alter those rulings.
IV.
 Bill No. 4 was taken to a ruling of the judge refusing to hear evidence, after the verdict was rendered, to show the previous good conduct of the accused, claiming that, as the offense was not necessarily punishable by imprisonment in the penitentiary, it was only a misdemeanor, and the judge should have received evidence under section 7 of said Act 74 of 1914, permitting the judge to suspend sentence in cases of misdemeanor, when the accused has never before been convicted and is of good reputation.
We find it unnecessary to decide here whether an offense which may be punishable *733 by imprisonment in the penitentiary, but is not necessarily so, is technically a misdemeanor, or merely a “minor offense.” See State v. Eubanks, 114 La. 428, 38 South. 407. For our conclusion is that Act 74 of 1914 must be read and interpreted as a whole, and not by segregating one section from the rest. And, when we read it thus, we are led to the inevitable conclusion that the recommendation for a suspension of the sentence must come from the tribunal (judge or jury) charged with passing upon the guilt or innocence of the accused. The first and second section clearly contemplate that, when the case is tried before a jury, evidence of previous good character may be given to the jury, and they may recommend the suspension. It is true these sections speak of “felony trials” and conviction “for felony,” but it was surely not the intention of the Legislature to give the advantage of the jury’s recommendation only to such as must necessarily be imprisoned in the penitentiary and deny it to those who were not necessarily punishable in that way.
On the other hand, it could not have been within the contemplation of the Legislature that, when the question of a recommendation for suspension of sentence had been placed before the jury and denied, the accused should have the right to place his evidence again before the judge. So that, when section 7 says that, when there is a conviction of a misdemeanor, the judge may suspend sentence if he shall find the accused to be of previous good character, it is clear that this must have reference only to those cases which were tried by the judge without a jury. And that is what we understand the' law to mean.
The cases to which we are referred by appellant as holding that the judge must receive evidence and act upon an application for suspension of sentence were all cases in which the accused was tried before the judge alone. See State v. Fulco, 136 La. 843, 67 South. 925 ; State v. Serio, 138 La. 678, 70 South. 609 ; State v. Defatta, 138 La. 1092, 71 South. 195 ; State v. Garland, 140 La. 401, 73 South. 246.
y.
Bill No. 3 was taken to the refusal of the judge to grant a new trial, and involved only the points already passed upon.
Decree.
The judgment appealed from is therefore affirmed.