(105 So. 420)

No. 27230.

## STATE v. BANKSTON.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟐881(2)—Verdict finding accused guilty of cutting with intent to kill held fatally defective in failing to show cutting with dangerous weapon, as required by statute.**

Verdict finding accused guilty of cutting with intent to kill *held* fatally defective, in failing to show the cutting was done with a dangerous weapon, as required by Act No. 44 of 1890; the cutting with a dangerous weapon being an ingredient of the crime denounced by the statute.

2. **Criminal law ⟐1090(15), 1129(1) — Supreme Court constrained to notice fatal error in verdict patent on its face, and to set it aside, despite absence of bill of exceptions or assignment of error.**

Supreme Court is constrained to notice fatal error in verdict patent on its face, and to set it aside, despite absence of bill of exceptions or assignment of error raising such error.

3. **Criminal law ⟐338(7) — Evidence as to condition of wife of prosecuting witness at time accused cut him held irrelevant, though admission probably harmless.**

In a prosecution, based on Act No. 44 of 1890, for cutting with a dangerous weapon with intent to kill and murder, evidence that the wife of prosecuting witness was in a pregnant condition at the time accused cut him *held* irrelevant, though its admission was probably harmless.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Prentiss B. Carter, Judge.

Marshall Bankston was convicted on a verdict finding him guilty of cutting with intent to kill, and he appeals. Verdict and sentence thereon annulled and set aside, and cause remanded.

M. J. Allen, of Amite, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and M. C. Rownd, of Springfield (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. Defendant was charged with the crime of cutting with a dangerous weapon with intent to kill and murder. He was tried, and the jury, upon his trial, returned the following written verdict, to wit:

"We, the jury, find the accused guilty of cutting with intent to kill, and ask the mercy of the court. S. T. Smart, Foreman."

With the foregoing verdict as the basis therefor, the accused was sentenced to the penitentiary for not less than 2½ nor more than 3 years.

[1] The verdict is fatally defective. The law does not denounce as a crime "cutting with intent to kill." What it does denounce as such is "cutting with a dangerous weapon with intent to kill." Act No. 44 of 1890, p. 37. "With a dangerous weapon" is an ingredient of the crime denounced by law. Hence the verdict is fatally defective, in that it fails to show that the cutting was done with a dangerous weapon, and for that reason does not constitute a sufficient basis for sentence. State v. Bellard, 50 La. Ann. 594, 23 So. 504, 69 Am. St. Rep. 461; State v. Washington, 107 La. 298, 31 So. 638.

[2] While defendant has not brought to our attention the defect in the verdict by bill of exceptions or assignment of error, still, as the error is patent upon the face of the record, and is one that is fatal to the conviction, we feel constrained to notice it, and to set aside the verdict.

[3] The record presents for consideration several bills of exceptions. As the case will have to be remanded for a new trial, we shall dispose of those exceptions briefly. In one of them it appears that, while Berlin Efferson, the prosecuting witness, was on the stand as a witness in behalf of the state, he was asked by the district attorney the following question, to wit: "In what condition

159 LOUISIANA REPORTS

was your wife at the time?" (meaning the time at which the witness was cut). Defendant objected to the question, substantially on the ground that the evidence sought to be elicited thereby was irrelevant and prejudicial to him. The court overruled the objection and the answer was: "She was pregnant." While the admission of the evidence was probably harmless, still the evidence had no connection with or bearing on the difficulty, and should have been excluded as irrelevant. We have examined the remaining bills and find that they show no error.

For the reasons assigned, the verdict of the jury and the sentence of court based thereon are annulled and set aside, and this case is remanded to the lower court to be tried according to law.