140 So. 480

**STATE v. CURRY.**

No. 31613.

Feb. 29, 1932.

, Carter & Carter, of Franklinton, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and C. S. Frederick, Dist. Atty., of Covington (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

OVERTON, J.

Defendant was indicted for the offense of cutting and thrusting another with a dangerous weapon, to wit, a knife, with the intent to kill and murder. The prosecution was under Act No. 43 of 1890, amending and reenacting section 791 of the Revised Statutes. As amended, the section reads as follows:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty one years."

The prosecution may also be said to have been under Act No. 44 of 1890, which makes it an offense to do any one of these things with the intent to kill, instead of to murder, the act reading as follows:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years."

An indictment charging the first offense includes, by operation of law, the second offense, upon the theory that the greater includes the lesser, just as a charge of murder includes a charge of manslaughter. Therefore, where the accused is indicted under Act No. 43 of 1890, the jury may return a verdict under Act No. 44 of 1890.

The jury returned the following verdict, to wit:

"We, the jury, find the accused guilty of cutting with intent to kill." This verdict was accepted by the court as complying with the law.

Defendant, in due course, filed a motion in arrest of judgment. This motion rests upon the ground that the verdict returned is defective, null and void, because the law does not denounce as a crime, "cutting with intent to kill," and therefore defendant was not convicted of any crime known to the laws of the state of Louisiana. This motion was overruled, and a bill was taken to the ruling. Defendant was then sentenced.

The defect, said to exist in the verdict, is that it does not show that the jury found that the cutting was done with a dangerous weapon. It was optional with the Legislature to insert, as an ingredient of the crime, that the cutting be so done, and it exercised that option by inserting that ingredient. It is not for the courts to dispense with any ingredient which the Legislature has

deemed proper to insert in defining and denouncing an offense. It may be safely assumed that the Legislature had a reason for inserting each ingredient named by it in defining the offense. Here, it may be observed that the law-making power deemed it preferable that the ingredient "with a dangerous weapon" be inserted rather than omitted, presumably to avoid the possibility of there being a conviction of cutting with intent to kill, when, although the cutting was done with such intent, yet a dangerous weapon was not used, since the Legislature might have considered that the ingredient of cutting and that of the intent to kill, under some circumstances, especially when the cutting is done suddenly and unexpectedly, or in a great heat of passion, might both be present independently of the character of the weapon used. Be the reason what it may, the Legislature deemed it proper, in the exercise of its discretion, to incorporate the ingredient "with a dangerous weapon" as an element of the crime, and its action should be given effect by the courts, otherwise the courts might be unduly interfering with the legislative department of government.

Since "with a dangerous weapon" is a constituent part of the offense of cutting with a dangerous weapon with intent to kill, included in the offense charged of cutting with such weapon with intent to murder, we should now consider whether the verdict returned on the included offense should show that the jury found the presence of that ingredient or, in other words, whether the jury should find, by their verdict, that the cutting was done with a dangerous weapon.

Where the verdict is one for an offense, included in a greater offense charged,

or what is sometimes, though perhaps erroneously, termed a special verdict, the finding of the jury must be for an offense complete in itself. Where the verdict is for an offense that has a legal name, it suffices that the verdict be for that offense by name, but where it has no legal name every fact or element necessary to constitute the offense must be found by the jury, for what is not found is supposed not to exist. The court cannot supply a fact necessary to constitute the crime. State v. French, 50 La. Ann. 461, 23 So. 606; State v. Jefferson, 120 La. 116, 44 So. 1004; State v. Bellard, 50 La. Ann. 594, 23 So. 504, 69 Am. St. Rep. 461; State v. Burdon, 38 La. Ann. 357; State v. Davis, 20 La. Ann. 354; State v. Ritchie, 3 La. Ann. 512; Marr's Crim. Juris. Vol. 2, pp. 1082, 1083.

We think, as we have endeavored to show, that the phrase "with a dangerous weapon" is an essential ingredient of the crime of cutting with a dangerous weapon with intent to kill. A verdict, not exhibiting the finding of that ingredient, is not a verdict for the offense included in the crime charged, or for any other offense of which we have knowledge. The verdict is therefore fatally defective.

The question here presented, relating to the particular crime here charged, and to a similar verdict, was decided adversely to the state in the case of State v. Bankston, 159 La. 429, 105 So. 420. The ruling in that case is supported by the ruling in State v. Bellard, 50 La. Ann. 594, 23 So. 504, 69 Am. St. Rep. 461, where the same statutes were involved that are involved in this case. The charge in that case was "striking with a dangerous weapon with intent to kill and murder." The

verdict was "striking with intent to kill." The court held that the verdict was fatally defective, because there was omitted from it the words "with a dangerous weapon."

There are decisions holding that, under statutes denouncing, under specific circumstances, or without such circumstances, the shooting, stabbing, or thrusting another with a dangerous weapon with intent to murder, or the cutting or striking with such weapon and intent, the indictment, where the offense charged thereunder is shooting, need not allege that the shooting was done with a dangerous weapon, or that the verdict need not show that a dangerous weapon was used. These decisions are State v. Humphries, 35 La. Ann. 966; State v. Smith, 38 La. Ann. 479; State v. Mosely and Anthony, 42 La. Ann. 975, 8 So. 470; State v. O'Leary, 50 La. Ann. 641, 23 So. 885; State v. Broussard, 107 La. 189, 31 So. 637; State v. Plummer, 153 La. 730, 96 So. 548.

These decisions rest upon the theory that shooting implies the use of a dangerous weapon, that is, the use of a firearm, firearms being universally regarded as dangerous weapons, and therefore to express what is clearly implied in the language used, and conveyed by that language, is unnecessary.

These decisions may depart in a measure from the general rules regarding criminal pleadings and verdicts, but the departure is too slight and technical to evoke criticism, or to justify the court in not adhering to them when the charge is confined to shooting. None of them, however, suggests that the ruling should be extended to cases where the offense charged is cutting, stabbing, thrusting, or striking, but to the contrary, in State v.

Mosely and Anthony, supra, the court said it was quite satisfied that, had the offense described in section 791 of the Revised Statutes been confined to shooting, the words "with a dangerous weapon" would have been omitted, and suggested that they were used only because stabbing, thrusting, cutting, and striking were also covered by the statute, which acts might have been committed with instruments which were not weapons, and not in themselves dangerous.

The reasoning of the court in State v. Broussard, supra, suggests that the ruling should be confined to cases where the charge is for shooting, for, after noticing the foregoing observation from State v. Mosely and Anthony, the court said it was not inclined to differ with the view there expressed.

There is justification for holding that the omission of the words "with a dangerous weapon," where the charge is for shooting, is not fatal, because to insert them in such an instance closely approaches tautology, but this is not so as to the remaining charges that may be preferred under the statute.

The case of State v. Bourgeois, 158 La. 713, 726, 104 So. 627 is not contrary to the views here expressed. The verdict in that case was on an indictment charging, in the beginning, the offense of cutting with a dangerous weapon with intent to murder, which was later modified orally by the announcement by the district attorney that he would prosecute only for cutting with intent to kill, thereby abandoning the intent to murder. The verdict returned was guilty of cutting with intent to kill as charged. This verdict was a direct affirmance of every allegation remaining in the indictment, including the allegation "with

a dangerous weapon;" and, in contemplation of law, was perfect, but such is not so in the case before us.

Wherever a defendant has been convicted of an offense, without a finding by the jury, as disclosed by their verdict, of any fact necessary to constitute the crime, article 557 of the Code of Criminal Procedure does not cure the defect.

Our conclusion is that the motion in arrest of judgment should have been sustained.

The verdict of the jury and the sentence of the court are set aside, the motion in arrest of judgment is sustained, and this case is remanded to the lower court to be tried according to law.

O'NIELL, C. J., dissents, being of the opinion that the verdict, when read in connection with the indictment, could not mean anything else but that the jury found the defendant guilty of cutting or thrusting with a dangerous weapon with intent to kill, and being of the opinion also that the decision rendered in this case cannot be reconciled with the jurisprudence maintaining that a verdict of shooting with intent to kill means shooting with a dangerous weapon with intent to kill.