O’NIELL, Chief Justice.
 

 The appellant was prosecuted under a bill of information charging that he had shot a man, wilfully and maliciously, with a dangerous weapon, that is, a pistol, with the intention of murdering him. The jury found the defendant “guilty of shooting with the intention to kill.” The defendant filed a motion in arrest of judgment, complaining that the verdict was not responsive to the charge in the bill of information and was invalid because of the omission to state that the shooting was done with a dangerous weapon. The judge overruled the motion and sentenced the defendant to imprisonment in the penitentiary for three years.
 

 The prosecution was had under Section 791 of the Revised Statutes, as amended by Act No. 43 of 1890, or Section 764 of Dart’s Criminal Statutes, which makes it a crime to shoot, stab, cut, strike, or thrust a person with a dangerous weapon with
 
 intent
 
 to commit murder. In the bill of information in this case, and in the verdict, the word “intention” is used instead of “intent”. But it was held in State v. Broussard, 107 La. 189, 31 So. 637, that, in an indictment for the crime of shooting with a dangerous weapon with intent to commit murder, the use of the word “intention” instead of “intent” made no difference.
 

 It is well settled also' that in an indictment for shooting with a dangerous weapon with intent to commit murder, under Section 791 of the Revised Statutes (Section 764 of Dart’s Criminal Statutes), or in an indictment for shooting with a dangerous weapon with intent to kill, under Act No. 44 of 1890 (Section 765 of Dart’s Criminal Statutes), it is not necessary for the jury to declare in the verdict that the shooting was done with a dangerous weapon, the implication, from the declaration that the shooting was done with intent to commit murder or with intent to kill a person, being that it was done with a dangerous weapon. State v. Humphries,
 
 *427
 
 35 La.Ann. 966; State v. Smith, 38 La.Ann. 479; State v. Mosely, 42 La.Ann. 975, 8 So. 470; State v. O’Leary, 50 La.Ann. 641, 23 So. 885; State v. Broussard, 107 La. 189, 31 So. 637; State v. Plummer, 153 La. 730, 96 So. 548; State v. Young, 187 La. 342, 174 So. 665.
 

 The appellant. relies upon the decision in State v. Curry, 174 La. 287, 140 So. 480, 482. In that case .the defendant was indicted and prosecuted for cutting and thrusting a person with a dangerous weapon, that is, a knife, with intent to murder him, and the jury found him guilty of the less serious crime of “cutting with intent to kill”;, but in rendering the verdict the jury omitted the phrase “with a dangerous weapon”. For that reason the defendant filed a motion in arrest of judgment, and a majority of the members of the court held that the motion was well' founded because of the possibility of cutting or thrusting a person with intent to kill or murder him without the use of a dangerous weapon. In that way the court distinguished the case from a case of
 
 shooting
 
 a person with intent to kill or murder him. And in thé course of the opinion in the case it was said :
 

 “There is justification for holding that the omission of the words ‘with a dangerous weapon,’ where the charge is for shooting, is not fatal, because to insert them in such an instance closely approaches tautology, but this is not so as to the remaining charges [cutting, or thrusting] that may be preferred under the statute.”
 

 The appellant argues that the ruling complained of in this case, where the accusation was shooting. with a dangerous weapon with intent to commit murder, cannot be reconciled with the ruling in State v. Curry, although the accusation there was cutting and thrusting with a dangerous weapon with intent to commit murder. The same argument was made by the appellant in State v. Young, 187 La. 342, 174 So. 665, 666, where the indictment was for shooting with a dangerous weapon with intent to commit murder; but the court adhered to the distinction which had been made in Curry’s Case, and said:
 

 “As it is not necessary to charge in an indictment for shooting with intent to kill that the shooting was done with a dangerous weapon, it follows that a verdict of guilty of ‘shooting with intent to kill’ is' legal, valid, and-responsive.”
 

 Our conclusion is that the judge did not err in this case in overruling the motion in arrest of judgment.
 

 The conviction and sentence are affirmed.
 

 ODOM, J., absent.